# APPENDIX II

CONVENTION ON THE LAW APPLICABLE TO CONTRACTUAL OBLIGATIONS, WITH PROTOCOL AND JOINT DECLARATIONS, ROME, JUNE 19, 1980.

For further references *see* chapter 7.6.

## CONVENTION

### PREAMBLE

THE HIGH CONTRACTING PARTIES to the Treaty establishing the European Economic Community,

ANXIOUS to continue in the field of private international law the work of unification of law which has already been done within the Community, in particular in the field of jurisdiction and enforcement of judgments,

WISHING to establish uniform rules concerning the law applicable to contractual obligations,

HAVE AGREED AS FOLLOWS:

### TITLE I
### SCOPE OF THE CONVENTION

#### Article 1
#### Scope of the Convention

1. The rules of this Convention shall apply to contractual obligations in any situation involving a choice between the laws of different countries.

2. They shall not apply to:

(a)  questions involving the status or legal capacity of natural persons, without prejudice to Article 11;
(b)  contractual obligations relating to:
   - wills and succession,
   - rights in property arising out of a matrimonial relationship,
   - rights and duties arising out of a family relationship, parentage, marriage or affinity, including maintenance obligations in respect of children who are not legitimate;
(c)  obligations arising under bills of exchange, cheques and promissory notes and other negotiable instruments to the extent that the obligations under such other negotiable instruments arise out of their negotiable character;
(d)  arbitration agreements and agreements on the choice of court;
(e)  questions governed by the law of companies and other bodies corporate or unincorporate such as the creation, by registration or otherwise, legal capacity, internal organization or winding up of companies and other bodies corporate or unincorporate and the personal liability of officers and members as such for the obligations of the company or body;
(f)  the question whether an agent is able to bind a principal, or an organ to bind a company or body corporate or unincorporate, to a third party;
(g)  the constitution of trusts and the relationship between settlors, trustees and beneficiaries;
(h)  evidence and procedure, without prejudice to Article 14.

3. The rules of this Convention do not apply to contracts of insurance which cover risks situated in the territories of the Member States of the European Economic Community. In order to determine whether a risk is situated in these territories the court shall apply its internal law.

4. The preceding paragraph does not apply to contracts of re-insurance.

## Article 2
### Application of law of non-contracting States

Any law specified by this Convention shall be applied whether or not it is the law of a Contracting State.

## TITLE II
## UNIFORM RULES

### Article 3
### Freedom of choice

1. A contract shall be governed by the law chosen by the parties. The choice must be expressed or demonstrated with reasonable certainty by the terms of the contract or the circumstances of the case. By their choice the parties can select the law applicable to the whole or a part only of the contract.

2. The parties may at any time agree to subject the contract to a law other than that which previously governed it, whether as a result of an earlier choice under this Article or of other provisions of this Convention. Any variation by the parties of the law to be applied made after the conclusion of the contract shall not prejudice its formal validity under Article 9 or adversely affect the rights of third parties.

3. The fact that the parties have chosen a foreign law, whether or not accompanied by the choice of a foreign tribunal, shall not, where all the other elements relevant to the situation at the time of the choice are connected with one country only, prejudice the application of rules of the law of that country which cannot be derogated from by contract, hereinafter called 'mandatory rules'.

4. The existence and validity of the consent of the parties as to the choice of the applicable law shall be determined in accordance with the provisions of Articles 8, 9 and 11.

### Article 4
### Applicable law in the absence of choice

1. To the extent that the law applicable to the contract has not been chosen in accordance with Article 3, the contract shall be governed by the law of the country with which it is most closely connected. Nevertheless, a severable part of the contract which has a closer connection with another country may by way of exception be governed by the law of that other country.

2. Subject to the provisions of paragraph 5 of this Article, it shall be presumed that the contract is most closely connected with the country where the party who is to effect the performance which is characteristic of the contract has, at the time of conclusion of the contract, his habitual residence, or, in the case of a body corporate or unincorporate, its central administration. However, if the contract is entered into in the course of that party's trade or profession, that country shall be the country in which the principal place of business is situated or, where under the terms of the contract the performance is to effected through a place of business other than the principal place of business, the country in which that other place of business is situated.

3. Notwithstanding the provisions of paragraph 2 of this Article, to the extent that the subject matter of the contract is a right in immovable property or a right to use immovable property it shall be presumed that the contract is most closely connected with the country where the immovable property is situated.

4. A contract for the carriage of goods shall not be subject to the presumption in paragraph 2. In such a contract if the country in which, at the time the contract is concluded, the carrier has his principal place of business is also the country in which the place of loading or the place of discharge or the principal place of business of the consignor is situated, it shall be presumed that the contract is most closely connected with that country. In applying this paragraph single voyage charter-parties and other contracts the main purpose of which is the carriage of goods shall be treated as contracts for the carriage of goods.

5. Paragraph 2 shall not apply if the characteristic performance cannot be determined, and the presumptions in paragraphs 2, 3 and 4 shall be disregarded if it appears from the circumstances as a whole that the contract is more closely connected with another country.

## Article 5
### Certain consumer contracts

1. This Article applies to a contract the object of which is the supply of goods or services to a person ('the consumer') for a purpose which can be regarded as being outside his trade or profession, or a contract for the provision of credit for that object.

2. Notwithstanding the provisions of Article 3, a choice of law made by the parties shall not have the result of depriving the consumer of the protection afforded to him by the mandatory rules of the law of the country in which he has his habitual residence:
— if in that country the conclusion of the contract was preceded by a specific invitation addressed to him or by advertising, and he had taken in that country all the steps necessary on his part for the conclusion of the contract, or
— if the other party or his agent received the consumer's order in that country, or
— if the contract is for the sale of goods and the consumer travelled from that country to another country and there gave his order, provided that the consumer's journey was arranged by the seller for the purpose of inducing the consumer to buy.

3. Notwithstanding the provisions of Article 4, a contract to which this Article applies shall, in the absence of choice in accordance with Article 3, be governed by the law of the country in which the consumer has his habitual residence if it is entered into in the circumstances described in paragraph 2 of this Article.

4. This Article shall not apply to:

(a) a contract of carriage;
(b) a contract for the supply of services where the services are to be supplied to the consumer exclusively in a country other than that in which he has his habitual residence.

5. Notwithstanding the provisions of paragraph 4, this Article shall apply to a contract which, for an inclusive price, provides for a combination of travel and accommodation.

## Article 6
### Individual employment contracts

1. Notwithstanding the provisions of Article 3, in a contract of employment a choice of law made by the parties shall not have the result of depriving the employee of the protection afforded to him by the mandatory rules of the law which would be applicable under paragraph 2 in the absence of choice.

2. Notwithstanding the provisions of Article 4, a contract of employment shall, in the absence of choice in accordance with Article 3, be governed:

(a)  by the law of the country in which the employee habitually carries out his work in performance of the contract, even if he is temporarily employed in another country; or

(b)  if the employee does not habitually carry out his work in any one country, by the law of the country in which the place of business through which he was engaged is situated;

unless it appears from the circumstances as a whole that the contract is more closely connected with another country, in which case the contract shall be governed by the law of that country.

### Article 7
### Mandatory rules

1. When applying under this Convention the law of a country, effect may be given to the mandatory rules of the law of another country with which the situation has a close connection, if and in so far as, under the law of the latter country, those rules must be applied whatever the law applicable to the contract. In considering whether to give effect to these mandatory rules, regard shall be had to their nature and purpose and to the consequences of their application or non-application.

2. Nothing in this Convention shall restrict the application of the rules of the law of the forum in a situation where they are mandatory irrespective of the law otherwise applicable to the contract.

### Article 8
### Material validity

1. The existence and validity of a contract, or of any term of a contract, shall be determined by the law which would govern it under this Convention if the contract or term were valid.

2. Nevertheless a party may rely upon the law of the country in which he has his habitual residence to establish that he did not consent if it appears from the circumstances that it would not be reasonable to determine the effect of his conduct in accordance with the law specified in the preceding paragraph.

### Article 9
### Formal validity

1. A contract concluded between persons who are in the same country is formally valid if it satisfies the formal requirements of the law which governs it under this Convention or of the law of the country where it is concluded.

2. A contract concluded between persons who are in different countries is formally valid if it satisfies the formal requirements of the law which governs it under this Convention or of the law of one of those countries.

3. Where a contract is concluded by an agent, the country in which the agent acts is the relevant country for the purposes of paragraphs 1 and 2.

4. An act intended to have legal effect relating to an existing or contemplated contract is formally valid if it satisfies the formal requirements of the law which under this Convention governs or would govern the contract or of the law of the country where the act was done.

5. The provisions of the preceding paragraphs shall not apply to a contract to which Article 5 applies, concluded in the circumstances described in paragraph 2 of Article 5. The formal validity of such a contract is governed by the law of the country in which the consumer has his habitual residence.

6. Notwithstanding paragraphs 1 to 4 of this Article, a contract the subject matter of which is a right in immovable property or a right to use immovable property shall be subject to the mandatory requirements of form of the law of the country where the property is situated if by that law those requirements are imposed irrespective of the country where the contract is concluded and irrespective of the law governing the contract.

### Article 10
### Scope of the applicable law

1. The law applicable to a contract by virtue of Articles 3 to 6 and 12 of this Convention shall govern in particular:

(a)  interpretation;
(b)  performance;
(c)  within the limits of the powers conferred on the court by its procedural law, the consequences of breach, including the assessment of damages in so far as it is governed by rules of law;
(d)  the various ways of extinguishing obligations, and prescription and limitation of actions;
(e)  the consequences of nullity of the contract.

2. In relation to the manner of performance and the steps to be taken in the event of defective performance regard shall be had to the law of the country in which performance takes place.

### Article 11
### Incapacity

In a contract concluded between persons who are in the same country, a natural person who would have capacity under the law of that country may invoke his incapacity resulting from another law only if the other party to the contract was aware of this incapacity at the time of the conclusion of the contract or was not aware thereof as a result of negligence.

### Article 12
### Voluntary assignment

1. The mutual obligations of assignor and assignee under a voluntary assignment of a right against another person ('the debtor') shall be governed by the law which under this Convention applies to the contract between the assignor and assignee.

2. The law governing the right to which the assignment relates shall determine its assignability, the relationship between the assignee and the debtor, the conditions under which the assignment can be invoked against the debtor and any question whether the debtor's obligations have been discharged.

### Article 13
### Subrogation

1. Where a person ('the creditor') has a contractual claim upon another ('the debtor'), and a third person has a duty to satisfy the creditor, or has in fact satisfied the creditor in discharge of that duty, the law which governs the third person's duty to satisfy the creditor shall determine whether the third person is entitled to exercise against the debtor the rights which the creditor had against the debtor under the law governing their relationship and, if so, whether he may do so in full or only to a limited extent.

2. The same rule applies where several persons are subject to the same contractual claim and one of them has satisfied the creditor.

### Article 14
### Burden of proof, etc.

1. The law governing the contract under this Convention applies to the extent that it contains, in the law of contract, rules which raise presumptions of law or determine the burden of proof.

2. A contract or an act intended to have legal effect may be proved by any mode of proof recognized by the law of the forum or by any of the laws referred to in Article 9 under which that contract or act is formally valid, provided that such mode of proof can be administered by the forum.

### Article 15
### Exclusion of renvoi

The application of the law of any country specified by this Convention means the application of the rules of law in force in that country other than its rules of private international law.

### Article 16
### 'Ordre public'

The application of a rule of the law of any country specified by this Convention may be refused only if such application is manifestly incompatible with the public policy ('ordre public') of the forum.

### Article 17
### No retrospective effect

This Convention shall apply in a Contracting State to contracts made after the date on which this Convention has entered into force with respect to that State.

### Article 18
### Uniform interpretation

In the interpretation and application of the preceding uniform rules, regard shall be had to their international character and to the desirability of achieving uniformity in their interpretation and application.

### Article 19
### States with more than one legal system

1. Where a State comprises several territorial units each of which has its own rules of law in respect of contractual obligations, each territorial unit shall be considered as a country for the purposes of identifying the law applicable under this Convention.

2. A State within which different territorial units have their own rules of law in respect of contractual obligations shall not be bound to apply this Convention to conflicts solely between the laws of such units.

### Article 20
### Precedence of Community law

This Convention shall not affect the application of provisions which, in relation to particular matters, lay down choice of law rules relating to contractual obligations and which are or will be contained in acts of the institutions of the European Communities or in national laws harmonized in implementation of such acts.

### Article 21
### Relationships with other conventions

This Convention shall not prejudice the application of international conventions to which a Contracting State is, or becomes, a party.

### Article 22
### Reservations

1. Any Contracting State may, at the time of signature, ratification, acceptance or approval, reserve the right not to apply:

(a)    the provisions of Article 7(1);
(b)    the provisions of Article 10(1)(e).

2. Any Contracting State may also, when notifying an extension of the Convention in accordance with Article 27(2), make one or more of these reservations, with its effect limited to all or some of the territories mentioned in the extension.

3. Any Contracting State may at any time withdraw a reservation which it has made; the reservation shall cease to have effect on the first day of the third calendar month after notification of the withdrawal.

### TITLE III
### FINAL PROVISIONS

### Article 23

1. If, after the date on which this Convention has entered into force for a Contracting State, that State wishes to adopt any new choice of law rule in regard to any particular category of contract within the scope of this Convention, it shall communicate its intention to the other signatory States through the Secretary-General of the Council of the European Communities.

2. Any signatory State may, within six months from the date of the communication made to the Secretary-General, request him to arrange consultations between signatory States in order to reach agreement.

3. If no signatory State has requested consultations within this period or if within two years following the communication made to the Secretary-General no agreement is reached in the course of consultations, the Contracting State concerned may amend its law in the manner indicated. The measures taken by that State shall be brought to the knowledge of the other signatory States through the Secretary-General of the Council of the European Communities.

### Article 24

1. If, after the date on which this Convention has entered into force with respect to a Contracting State, that State wishes to become a party to a multilateral convention whose principal aim or one of whose principal aims is to lay down rules of private international law concerning any of the matters governed by this Convention, the procedure set out in Article 23 shall apply. However, the period of two years, referred to in paragraph 3 of that Article, shall be reduced to one year.

2. The procedure referred to in the preceding paragraph need not be followed if a Contracting State or one of the European Communities is already a party to the multilateral convention, or if its object is to revise a convention to which the State concerned is already a party, or if it is a convention concluded within the framework of the Treaties establishing the European Communities.

## Article 25

If a Contracting State considers that the unification achieved by this Convention is prejudiced by the conclusion of agreements not covered by Article 24(1), that State may request the Secretary-General of the Council of the European Communities to arrange consultations between the signatory States of this Convention.

## Article 26

Any Contracting State may request the revision of this convention. In this event a revision conference shall be convened by the President of the Council of the European Communities.

## Article 27

1. This Convention shall apply to the European territories of the Contracting States, including Greenland, and to the entire territory of the French Republic.

2. Notwithstanding paragraph 1:

(a) this Convention shall not apply to the Faroe Islands, unless the Kingdom of Denmark makes a declaration to the contrary;

(b) this Convention shall not apply to any European territory situated outside the United Kingdom for the international relations of which the United Kingdom is responsible, unless the United Kingdom makes a declaration to the contrary in respect of any such territory;

(c) this Convention shall apply to the Netherlands Antilles, if the Kingdom of the Netherlands makes a declaration to that effect.

3. Such declarations may be made at any time by notifying the Secretary-General of the Council of the European Communities.

4. Proceedings brought in the United Kingdom on appeal from courts in one of the territories referred to in paragraph 2(b) shall be deemed to be proceedings taking place in those courts.

## Article 28

1. This Convention shall be open from 19 June 1980 for signature by the States party to the Treaty establishing the European Economic Community.

2. This Convention shall be subject to ratification, acceptance or approval by the signatory States. The instruments of ratification, acceptance or approval shall be deposited with the Secretary-General of the Council of the European Communities.

## Article 29

1. This Convention shall enter into force on the first day of the third month following the deposit of the seventh instrument of ratification, acceptance or approval.

2. This Convention shall enter into force for each signatory State ratifying, accepting or approving at a later date on the first day of the third month following the deposit of its instrument of ratification, acceptance or approval.

## Article 30

1. This Convention shall remain in force for 10 years from the date of its entry into force in accordance with Article 29(1), even for States for which it enters into force at a later date.

*Appendix II*

2. If there has been no denunciation it shall be renewed tacitly every five years.

3. A Contracting State which wishes to denounce shall, not less than six months before the expiration of the period of 10 or five years, as the case may be, give notice to the Secretary-General of the Council of the European Communities. Denunciation may be limited to any territory to which the Convention has been extended by a declaration under Article 27(2).

4. The denunciation shall have effect only in relation to the State which has notified it. The Convention will remain in force as between all other Contracting States.

### Article 31

The Secretary-General of the Council of the European Communities shall notify the States party to the Treaty establishing the European Economic Community of:

(a)  the signatures;
(b)  the deposit of each instrument of ratification, acceptance or approval;
(c)  the date of entry into force of this Convention;
(d)  communications made in pursuance of Articles 23, 24, 25, 26, 27 and 30;
(e)  the reservations and withdrawals of reservations referred to in Article 22.

### Article 32

The Protocol annexed to this Convention shall form an integral part thereof.

### Article 33

This Convention, drawn up in a single original in the Danish, Dutch, English, French, German, Irish and Italian languages, these texts being equally authentic, shall be deposited in the archives of the Secretariat of the Council of the European Communities. The Secretary-General shall transmit a certified copy thereof to the Government of each signatory State.

### PROTOCOL

The High Contracting Parties have agreed upon the following provision which shall be annexed to the Convention:

Notwithstanding the provisions of the Convention, Denmark may retain the rules contained in Søloven (Statute on Maritime Law) paragraph 169 concerning the applicable law in matters relating to carriage of goods by sea and may revise these rules without following the procedure prescribed in Article 23 of the Convention.

### JOINT DECLARATION

At the time of the signature of the Convention on the law applicable to contractual obligations, the Governments of the Kingdom of Belgium, the Kingdom of Denmark, the Federal Republic of Germany, the French Republic, Ireland, the Italian Republic, the Grand Duchy of Luxembourg, the Kingdom of the Netherlands and the United Kingdom of Great Britain and Northern Ireland,

I    anxious to avoid, as far as possible, dispersion of choice of law rules among several instruments and differences between these rules,

express the wish that the institutions of the European Communities, in the exercise of their powers under the Treaties by which they were established, will, where the need arises, endeavour to adopt choice of law rules which are as far as possible consistent with those of this Convention;

II    declare their intention as from the date of signature of this Convention until becoming bound by Article 24, to consult with each other if any one of the signatory States wishes to become a party to any convention to which the procedure referred to in Article 24 would apply;

III    having regard to the contribution of the Convention on the law applicable to contractual obligations to the unification of choice of law rules within the European Communities, express the view that any State which becomes a member of the European Communities should accede to this Convention.

## JOINT DECLARATION

The Governments of the Kingdom of Belgium, the Kingdom of Denmark, the Federal Republic of Germany, the French Republic, Ireland, the Italian Republic, the Grand Duchy of Luxembourg, the Kingdom of the Netherlands and the United Kingdom of Great Britain and Northern Ireland,

On signing the Convention on the law applicable to contractual obligations;

Desiring to ensure that the Convention is applied as effectively as possible;

Anxious to prevent differences of interpretation of the Convention from impairing its unifying effect;

Declare themselves ready:

1.    to examine the possibility of conferring jurisdiction in certain matters on the Court of Justice of the European Communities and, if necessary, to negotiate an agreement to this effect;

2.    to arrange meetings at regular intervals between their representatives.