UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARUBA HOTEL ENTERPRISES N.V., | : | |
| | : | |
| PLAINTIFF | : | Civil Action No. |
| | : | 3:07 CV 1297 (JCH) |
| v. | : | |
| | : | |
| MICHAEL BELFONTI, | : | |
| MCR PROPERTY MANAGEMENT INC. | : | |
| and CEB IRREVOCABLE TRUST, | : | |
| | : | |
| DEFENDANTS | : | |
| | : | November 30, 2007 |

## AFFIDAVIT OF ALLAN F. KUSTER
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Allan Kuster declares under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct:

1.      I am over eighteen years of age.  I have knowledge of the facts contained in this

Affidavit based on my firm's representations of the Defendants, MCR Property Management,

Inc. ("MCR"), and CEB Irrevocable Trust ("CEB") (collectively "Defendants"), my firm's

participation in the litigation in Aruba described herein, and my firm's review of relevant

documents, including this declaratory judgment action filed by the plaintiff, Aruba Hotel

Enterprises ("AHE").

2.      My firm, Sjiem Fat & Kuster Law Offices, is counsel of record for the named

Defendants in the matter of Belfonti Holdings, LLC, et al. v. Aruba Hotel Enterprises, which is

pending in the Court of the First Instance in Aruba.  I am submitting this Affidavit in support of

Defendant's Motion to Dismiss the Declaratory Judgment Complaint.

3.      I am a lawyer admitted to practice before the Bar of the Netherlands Antilles and

and Aruba, and I am a Partner in Sjiem Fat & Kuster, a law firm located at Emanstraat 49-A,

Oranjestad, Aruba, Dutch Carribean. I received a L.L.M. from the University of Aruba in 1999, and was admitted to the bar the same year.

### Factual Background

4.    On August 21, 2007, my partner, Johan Sjiem Fat wrote to AHE on behalf of the defendants, MCR and CEB, as well as Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC. I understand that Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC, ("New York defendants") have been named as defendants in a declaratory judgment action that is identical to the instant case, but which has been filed in the District Court of the Southern District of New York. A copy of this letter and the draft complaint are attached hereto as Exhibit A.

5.    In that letter of August 21, 2007, Attorney Sjiem Fat demanded repayment of loans that the defendants paid to AHE. In particular, Attorney Sjiem Fat demanded the repayment of the following relevant loans: (1) on January 8, 2007, MCR paid $1,307,611.80 that to Harlow, Adams & Friedman, P.C. who, in turn, made payment to Wachovia for AHE's mortgage payment; (2) on January 8, 2007, CEB paid $548,250.00 to Wachovia Bank for AHE's mortgage payment; and (3) on March 9, 2007, MCR paid $1,161,874 to Wachovia Bank for AHE's mortgage payment. These loans were either paid directly to AHE, an Aruban entity, or to AHE's mortgage lender, who had financed purchase of AHE's property in Aruba.

6.    The letter further provided that failure to repay these loans, in addition to those made by the New York defendants, by August 24, 2007, would result in the filing of the claim for monetary judgment. A draft of this claim was attached to the letter.

7.      On August 23, 2007, AHE responded through Aruban counsel, that it denied the defendants' claims and that it would "forcefully defend any proceeding that may be brought by [my] clients." A copy of AHE's response is attached hereto as Exhibit B.

8.      Subsequently, on August 24, 2007, Attorney Sjiem Fat filed the claim for monetary judgment in the Court of First Instance of Aruba. A copy of the complaint is attached hereto as Exhibit C.

9.      Attorney Sjiem Fat learned that on that same day, AHE filed a declaratory judgment action against Michael Belfonti, Belfonti Holdings, and Belfonti Capital Partners, in New York. Three days later, on August 27, 2007, AHE filed the identical declaratory judgment action in Connecticut, naming Michael Belfonti, MCR and CEB as defendants. In both actions, AHE seeks the identical relief: (1) a declaration that the monies advanced to AHE were not loans or could not be enforced as loans, and (2) an injunction prohibiting the declaratory judgment defendants from attempting to obtain repayment of the monies advanced to AHE.

### Jurisdiction under Aruban Law

10.     Based on my review of AHE's declaratory judgment complaint and my knowledge of Aruban law, I believe that Aruba provides an adequate forum in which this dispute may be resolved.

11.     Personal jurisdiction would not be in dispute in Aruba. AHE is an Aruban limited liability company with its principal place of business in Aruba. The defendants in this action have subjected themselves to the jurisdiction of Aruba by commencing the Aruba case.

12.     In addition, this dispute is properly governed by Aruban law, in particular the European Convention on the Law Applicable to Contractual Obligations of Rome 1980 (the

"Treaty"), which convention was made applicable to Aruba, as part of the Dutch Kingdom, in 1993. A copy of the Treaty is attached hereto as Exhibit D.

13.    Article 3 of the Treaty provides that parties are free to choose the law that will govern a contract between them. Where, as here, there is no written contract, Article 4 provides that "[t]o the extent that the law applicable to the contract has not been chosen in accordance with Article 3, the contract shall be governed by the law of the country with which it is most closely connected."

14.    Although certain provisions of Article 4 reference the domicile of the contracting party, those provisions are immaterial where it "appears from the circumstances as a whole that the contract is more closely connected with another country." The transactions between the parties are clearly more closely connected with Aruba where the defendants made payments to AHE, an Aruban entity, or to its mortgage lender, who had financed the purchase of real property situated in Aruba.

15.    Furthermore, subsection 3 of Article 4 provides that if the subject matter of the contract is a right in immovable property or a right to use immovable property, it shall be presumed that the contract is most closely connected with the contract where the immovable property is located. The only relevant property to this dispute is situated in Aruba.

16.    Therefore, based upon my experience and knowledge of Aruban law, and my review of the relevant Treaty governing this action, I believe that Aruban law would govern the resolution of this action.

**Procedure in the Aruban Action**

17.     My law firm filed the claim for monetary judgment in the Court of First Instance of Aruba on August 24, 2007. In this claim, Attorney Sjiem Fat set forth the facts upon which the defendants are entitled to repayment of the loans made to AHE.

18.     After receiving notice of the claim, AHE has an opportunity to answer the claim. In its answer, which was initially due on November 7, 2007, AHE may raise its legal defenses to the defendants' claim for monetary judgment, as well as any pertinent arguments. AHE may request two, four-week extensions of time in which to answer the claim without consent of opposing counsel. After the answer is filed, each party has one more opportunity to file a rejoinder.

19.     After AHE files its answer, the Defendants may submit with its rejoinder a request for documents that pertain to the defenses raised by AHE. In turn, AHE may submit a request for documents with its rejoinder.

20.     After the parties' respective pleadings and rejoinders have been filed, the presiding judge schedules a hearing, and may instruct either or both parties to present the relevant documents and/or witnesses to substantiate their respective positions. Subsequently, the parties may submit legal briefs arguing the conclusions the Court should derive from the evidence submitted.

21.     In the event AHE prevailed on its defense in the Aruban action, the law provides that AHE would recover some portion of its fees in an amount determined by the Aruban court. This amount is calculated using a tariff set by the court, and is based on the number of pleadings filed.

## **Compelling Testimony**

22.     Witnesses may be compelled to testify in Aruba by submitting a request to the court.  In the event a witness does not appear, the court has the authority to force that witness to appear.

23.     The Aruban courts do not distinguish between party and non-party witnesses. Consequently, the same mechanism that may be used to compel a party to attend court may be applied with equal force to compel the attendance of non-party witnesses.

24.     Based on the foregoing, I believe that Aruba is the appropriate forum for this case. The Aruban case was filed first, Aruban law governs the dispute between the parties, and it is clearly the more convenient forum for this action.

_____
Allan F. Kuster

Subscribed and sworn to before
me this 30ᵗʰ day of November, 2007.

_____
Notary Public

My commission expires on _Indefinitly_



## AUTHENTICATION

1.   a.   This authentication belongs to the document it has been attached to.
      b.   The attached document bears my official seal in die-stamp printing.
          A copy does not show the relief.

2.   I have verified the identity of the undersigned as appears from the attached documents. The signature on the attached document is the original signature of:

**Allan Franz Kuster**

born in   **Aruba**            on **14-8-1987**

identifying himself/herself with **Passport**    number **NK9369736**

issued in **Aruba**           on **12 may 2006**     .

3.   Aforementioned individual placed his or her signature under my supervision, The meaning of this authentication is strictly limited to verification of the identity and the statement concerning the signature; no opinion can be given as to the content and the other aspects of the attachment. The Bankruptcy Register has not been consulted

4.   One may only rely on this statement subject to the condition that the interpretation and liability, if any, is governed by Aruban Law, and all disputes in this regard will only be presented to the Court of First Instance in Aruba. The General Terms and Conditions of notary's office Yarzagaray Bödeker & Eman, containing limitation of liability, apply to all services provided by me, civil law notary.

Signed in Aruba on   **november 30, 2007**

Dr. R.E. Yarzagaray,
civil law notary in Aruba



| L.G. Smith Boulevard 20 | Oranjestad | Aruba | Tel (+297) 582 28 50 | Fax (+297) 582 43 90 |
|---|---|---|---|---|
| Avenida Milio J. Croes 97 | Oranjestad | Aruba | Tel (+297) 582 24 02 | Fax (+297) 582 74 68 |
| info@notarisaruba.com | | | | www.notarisaruba.com |

<u>Certificate of Service</u>

This is to certify that on November 30, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

_____
David A. Slossberg

Copies to:

Lissa J. Parris
Murtha Cullina LLP
Whitney Grove Square
2 Whitney Avenue
New Haven, CT 06510

Richard M. Goldstein
Michael T. Mervis
Stacy L. Ceslowitz
Patrick J. Dempsey
Proskauer Rose LLP
1585 Broadwaqy
New York, NY 10036