

## AUTHENTICATION

1. a. This authentication belongs to the document it has been attached to.
   b. The attached document bears my official seal in die-stamp printing. A copy does not show the relief.

2. I have verified the identity of the undersigned as appears from the attached documents. The signature on the attached document is the original signature of:

   **Sjim Fat, Johan Paul**

   born in **Aruba** on **December 25, 1954**

   identifying himself/herself with **a Dutch Passport** number **BT93462J3**

   issued in **Aruba** on **June 1, 2007**

3. Aforementioned individual placed his or her signature under my supervision, The meaning of this authentication is strictly limited to verification of the identity and the statement concerning the signature; no opinion can be given as to the content and the other aspects of the attachment. The Bankruptcy Register has not been consulted

4. One may only rely on this statement subject to the condition that the interpretation and liability, if any, is governed by Aruban Law, and all disputes in this regard will only be presented to the Court of First Instance in Aruba. The General Terms and Conditions of notary's office Yarzagaray Bödeker & Eman, containing limitation of liability, apply to all services provided by me, civil law notary.

Signed in Aruba on **December 17, 2007**



Dr. R.E. Yarzagaray,
civil law notary in Aruba

---

L.G. Smith Boulevard 20 | Oranjestad | Aruba | Tel (+297) 582 28 50 | Fax (+297) 582 43 90
Avenida Milio J. Croes 97 | Oranjestad | Aruba | Tel (+297) 582 24 02 | Fax (+297) 582 74 68
info@notarisaruba.com | | | | www.notarisaruba.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARUBA HOTEL ENTERPRISES N.V., : | |
| : | |
| PLAINTIFF : | Civil Action No. |
| : | 3:07 CV 1297 (JCH) |
| v. : | |
| : | |
| MICHAEL BELFONTI, : | |
| MCR PROPERTY MANAGEMENT INC. : | |
| and CEB IRREVOCABLE TRUST, : | |
| : | |
| DEFENDANTS : | |
| : | December 17, 2007 |

JOHAN SJIEM FAT, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am over eighteen years of age. I am a lawyer admitted to practices before the Bar of the Netherlands Antilles and Aruba and am a Partner in Sjiem Fat & Kuster, a law firm located in Aruba. I received an LL.M. from the University of Utrecht, The Netherlands in 1977 and was admitted to the Bar that same year. Additionally, I received an M.C.L. in 1980 from the Georgetown University Law Center in Washington, D.C. I was also a member of the committee that drafted the Aruba Constitution. I have knowledge of the facts contained in this Affidavit based on my firm's representations of Michael Belfonti and certain related entities in the litigation in Aruba described herein, and my firm's review of relevant documents, including this declaratory judgment action filed by the plaintiff, Aruba Hotel Enterprises ("AHE").

2. On August 21, 2007, I wrote to AHE on behalf of the defendants, MCR and CEB, as well as Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC. I understand that Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC, ("New York

defendants") have been named as defendants in a declaratory judgment action that is identical to the instant case, but which has been filed in the District Court of the Southern District of New York. In that letter I demanded repayment of loans that the defendants paid to AHE. The letter further provided that failure to repay these loans, in addition to those made by the New York defendants, by August 24, 2007, would result in the filing of a claim for monetary judgment in Aruba.

3. On August 23, 2007, AHE responded through Aruban counsel that it denied the claims and that it would forcefully defend any proceeding that may be brought against it. Subsequently, on August 24, 2007, I filed the claim for monetary judgment in the Court of First Instance of Aruba. Based on my review of the Complaint in this action, I can confirm that the same legal and factual issues before this Court are pending in the Court of First Instance, including whether the payments to AHE are properly classified as enforceable loans.

4. The claim for monetary judgment is currently pending in the Court of First Instance. AHE was scheduled to file its answer to the claim on November 7, 2007, but availed itself of a four-week extension. On December 5, 2007, rather than file its answer, AHE chose to file a request to implead Michael Belfonti into the case for the purpose of seeking indemnity. As a result of that request, AHE's time to file an answer to the claim is tolled until the court rules on the impleader request, which will likely take place in January 2008. Once the court rules on AHE's request, AHE will have a reasonable amount of time (likely a couple of weeks) to file its answer. Once AHE has filed its answer, a hearing on the merits of the monetary claims will likely take place within 3 months. Based on my experience with the Court of First Instance, I expect that a decision

on the claims will issue within a month of the hearing date.

5. The Aruban legal system is a modern, Western-style legal system based on the civil law system used throughout most of the world, and particularly that of The Netherlands that provides all parties with substantive and procedural due process, presided over in part by Judges from the Netherlands' legal system and litigated by advocates trained in continental Western European legal traditions.

6. The Aruban courts, and civil law systems in general, have a very different model of adjudicating disputes than the system that I understand is used in the United States. The Aruban judicial system relies on fact-finding driven by the judicial officer rather than the parties. Witnesses testify for the first time in open court and are questioned by the judicial officer; the Court, not the parties, usually has the opportunity to question each witness for the first time formally. Witnesses do not testify beforehand in private depositions where they are questioned by the opposing party. Similarly, documents are produced by in Aruba at the request and direction of the judicial officer, and not based on requests by the opposing party.

7. Whether the Aruban judges that will decide this controversy would find a deviation from Aruban procedures helpful or hurtful to its administration of the case is unclear at this point. However, it is clear that any party's attempt to use discovery in Aruba that was obtained pursuant to American rules will only create more litigation in Aruba regarding the propriety of using that discovery.

8. Attached hereto as Exhibit A is a true and correct copy of an English translation of AHE's July 23, 2007, Petition in the Aruban Summary Proceeding. Also attached is a true and correct copy of the Petition in the original Dutch language.


JOHAN SJEM FAT

Subscribed and sworn to before me this
17th day of December, 2007.



_____
Notary Public



PASPOORT / PASSPORT / PASSEPORT
KONINKRIJK DER NEDERLANDEN
KINGDOM OF THE NETHERLANDS / ROYAUME DES PAYS-BAS

P  NLD  Nederlandse  BT934623

Sjiem Fat

Johan Paul

25 DEC/DEC 1954

Aruba                    M        1,78 m

01 JUN/JUN 2007   01 JUN/JUN 2012

Gouverneur van Aruba

P<NLDSJIEM<FAT<<JOHAN<PAUL<<<<<<<<<<<<<<<<<<<<