UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARUBA HOTEL ENTERPRISES N.V.,<br><br>Plaintiff<br><br><br>- v -<br><br>MICHAEL BELFONTI, BELFONTI HOLDINGS LLC, and BELFONTI CAPITAL PARTNERS, LLC,<br><br><br><br>Defendants | **07 Civ. 7564 (PAC) (HBP)**<br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Michael Belfonti, Belfonti Holdings LLC, and Belfonti Capital Partners, LLC ("Belfonti" or "Defendants"), by and through their attorneys, Kobre & Kim LLP, as and for an answer to the Second Amended Complaint dated June 27, 2008, allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      Paragraph 1 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in contained in paragraph 1 of the Second Amended Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of the Second Amended Complaint, except the allegation that Belfonti "beneficially owned and controlled" the two corporate entities referenced in paragraph 2 of the Second Amended Complaint to the extent that such an allegation calls for a legal conclusion to which no response is required.

3.      Paragraph 3 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in paragraph 3 of the Second Amended Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Second Amended Complaint, except admit that there is pending litigation in New York Supreme Court and in Aruba relating to the Mezzanine Loan and the First Mortgage Loan.

5.      Paragraph 5 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Second Amended Complaint except admit that Petra Fund REIT Corp., through Petra Mortgage Capital Corp. LLC foreclosed on the loan.

6.      Defendants deny the allegations contained in paragraph 6 of the Second Amended Complaint, except admit that they are entitled to recover for loans previously made to AHE.

7.      Defendants deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8.      Paragraph 8 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      Paragraph 9 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     Paragraph 10 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the court to the Plaintiff's Second Amended Complaint for the terms thereof and deny the allegations contained in paragraph 10 of the Second Amended Complaint.

## JURISDICTION AND VENUE

11.     Paragraph 11 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that this court has subject matter jurisdiction over the claims asserted in the Second Amended Complaint.

12.     Paragraph 12 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that venue is proper in this district.

## PARTIES

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the Second Amended Complaint except admit upon information and belief that AHE is an Aruban limited liability company with its principal place of business in Aruba.

14.     Defendants admit the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of the Second Amended Complaint.

## STATEMENT OF FACTS

17.     Defendants admit the allegations contained in the first sentence of paragraph 17 of the Second Amended Complaint, except the allegation that Belfonti "beneficially owns and controls" the two corporate entities referenced in the first sentence of paragraph 17 of the Second Amended Complaint, which is a legal conclusion to which no response is required. Defendants admit the allegations contained in the second, third, and fourth sentences of paragraph 17 of the Second Amended Complaint and respectfully refer the court to the First Mortgage Loan and the Mortgage Loan Agreement for the terms thereof.

18.     Paragraph 18 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Second Amended Complaint except admit that the Mezzanine Loan was made by Petra to BCP Florin, LLC in the amount of $19,450,000.00 and respectfully refer the court to the Mezzanine Loan for the terms thereof.

19.     Defendants admit the allegations contained in paragraph 19 of the Second Amended Complaint, except the allegation that Belfonti "beneficially owned and controlled" Twilight Holdings, LLC ("Twilight"), which is a legal conclusion to which no response is required.

20.     Defendants admit the allegations contained in paragraph 20 of the Second Amended Complaint, except the allegation that Belfonti "beneficially owned and controlled" AHE, BCP Florin, and/or Twilight, which is a legal conclusion to which no response is required.

21.     Paragraph 21 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Second Amended Complaint, except admit that Michael Belfonti was a signatory to both the Mortgage Loan Agreement and the Mezzanine Loan Agreement.

22.     Paragraph 22 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint and respectfully refer the court to the Mortgage Loan Agreement for the terms thereof.

23.     Paragraph 23 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the Second Amended Complaint and respectfully refer the court to the Mortgage Loan Agreement for the terms thereof.

24.     Paragraph 24 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 24 of the Second Amended Complaint, except admit that in April 2007, AHE defaulted on the First Mortgage Loan and BCP Florin defaulted on the Mezzanine Loan Agreement. Defendants further admit that Petra foreclosed on its security interest in Twilight.

25.     Defendants deny the allegations contained in paragraph 25 of the Second Amended Complaint, except admit that AHE filed an action in Aruba against Diamond Gaming in July 2007.

26.     Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint, except admit that Petra commenced an action in New York Supreme Court against Michael Belfonti, Richard Belfonti, Belfonti Capital Partners, LLC, BCP Florin, LLC, and Diamond Gaming Corporation, N.V. on or about July 23, 2007, and respectfully refer the court to Second Amended Complaint in that action for the terms thereof.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the Second Amended Complaint and respectfully refer the court to the letter to AHE dated August 21, 2007 ("the August 21 letter") for the terms thereof.

28.     Defendants admit the allegations contained in paragraph 28 of the Second Amended Complaint and respectfully refer the court to the August 21 letter for the terms thereof.

29.     Defendants deny the allegations contained in paragraph 29 of the Second Amended Complaint except admit that the $548,250.00 referenced in paragraph 29 is an enforceable loan to AHE made by Belfonti Capital Partners, LLC.

30.     Paragraph 30 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations in paragraph 30 of the Second Amended Complaint.

31.     Paragraph 31 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     Paragraph 32 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33.     Paragraph 33 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Second Amended Complaint.

35.     Paragraph 35 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the Second Amended Complaint.

36.     Paragraph 36 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required

Defendants deny the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     Paragraph 37 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     Paragraph 38 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 38 of the Second Amended Complaint.

## COUNT ONE
### (For Declaratory Judgment under 28 U.S.C. § 2201(a))

39.     Defendants repeat and reallege by reference each and every matter set forth in their Answers to paragraphs 1 through 38 of the Second Amended Complaint as if fully set forth herein.

40.     Paragraph 40 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny that an actual justiciable case or controversy presently exists under Article III of the United States Constitution between AHE and Defendant.

41.     Paragraph 41 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants admit that AHE seeks a declaratory judgment as set forth in paragraph 41 of the Second Amended Complaint, but deny that AHE is entitled to such relief.

42.    Paragraph 42 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants admit that AHE seeks a declaratory judgment as set forth in paragraph 42 of the Second Amended Complaint, but deny that it is entitled to such relief.

43.    Paragraph 43 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 43 of the Second Amended Complaint.

44.    Paragraph 44 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 44 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Claim Preclusion / Issue Preclusion)

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim preclusion and/or issue preclusion.

### FOURTH AFFIRMATIVE DEFENSE
### (Res Judicata)

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified the actions about which it now complains.

### SEVENTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff's claims are barred, in whole or in part, because any damages alleged in the Second Amended Complaint were caused by unforeseeable, unanticipated, independent, intervening and/or superseding events unrelated to any conduct of the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

Plaintiff's claims are barred, in whole or in part, by the fact that it faces no irreparable harm.

**TENTH AFFIRMATIVE DEFENSE**
**(No Justiciable Controversy)**

Plaintiff's claims are barred, in whole or in part, because there is no presently justiciable controversy between Plaintiff and Defendant under Article III of the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Forum Non Conveniens)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of forum non conveniens.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Prior Pending Actions)**

Plaintiff's claims should be barred, in whole or in part, in favor of prior litigation currently pending between the parties in Aruba.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Duplicative Litigation)**

Plaintiff's claims are barred, in whole or in part, because they are entirely duplicative of litigation filed by Plaintiff in the United States District Court for the District of Connecticut.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Improper Venue)**

Plaintiff's claims are barred, in whole or in part, because venue is not proper in this district.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join an Indispensable Party)**

Plaintiff's claims are barred, in whole or in part, because it has failed to join indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has been unjustly enriched at the expense of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Defendant reserves the right to assert additional affirmative defenses as the case proceeds.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Dated: July 11, 2008
       New York, New York

Respectfully submitted,

KOBRE & KIM LLP

_____/s/_____
Michael S. Kim (MK-0308)
Jonathan D. Cogan (JC-4474)
Francisco J. Navarro (FN-1874)
800 Third Avenue
New York, New York 10022
Tel 212.488.1200
Fax 212.488.1220

*Counsel for Defendants Michael
Belfonti, Belfonti Holdings LLC, and
Belfonti Capital Partners, LLC.*