# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PETRA FUND REIT CORP.,

                                        Plaintiff

        vs.

MICHAEL BELFONTI, RICHARD                         Index No. 07/602487
BELFONTI, BELFONTI CAPITAL
PARTNERS, LLC, BCP FLORIN, LLC
and DIAMOND GAMING
CORPORATION, N.V.

                                        Defendants

## DEFENDANTS RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Michael Belfonti, Constance Belfonti as Executrix of the Estate of

Richard Belfonti, Belfonti Capital Partners, LLC ("BCP") and BCP Florin, LLC ("BCP

Florin") (collectively, "Defendants"), by their attorneys, Kobre & Kim LLP, hereby

respond to Plaintiff Petra Fund REIT Corp.'s ("Petra") First Set of Interrogatories as

follows:

**General Responses and Objections**

The following general responses and objections are incorporated into each of the

specific responses and objections as though set forth in full therein.

        1.      Defendants object to the interrogatories to the extent that they seek or

could be construed to seek the production of information or documents protected

by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from discovery.

2.      Defendants object to the interrogatories to the extent that they seek or could be construed to seek the production of information or documents containing confidential or proprietary information.

3.      Defendants object to the interrogatories to the extent that they seek information that is not in Defendants' possession, custody, or control.

4.      Defendants object to the interrogatories to the extent that they seek information that is not relevant, material, or reasonably calculated to lead to the discovery of relevant, material, or admissible evidence.

5.      Defendants object to the interrogatories to the extent that they seek information that may be more practically obtained through requests for production of documents or depositions.

6.      Defendants object to the interrogatories to the extent that they call for the production of information that (a) is obtainable from another source that is more convenient, less burdensome, or less expensive, and/or (b) is already known to Petra.

7.      Defendants object to the interrogatories to the extent that they impose upon Defendants an undue burden or expense.

8.      Defendants object to the interrogatories to the extent that they purport to impose obligations that are beyond those contemplated by the CPLR.

9.      Defendants object to the interrogatories to the extent that they are overly broad, vague, and ambiguous.

2

10.    Defendants object to the definition of "purported agreement" on the grounds that it inaccurately questions the document's authenticity and enforceability.

11.    In submitting these objections and responses, Defendants do not waive or intend to waive, but on the contrary, reserve and intend to reserve:

    a.  all questions as to the competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any information produced hereunder or the subject thereof;

    b.  the right to object on any ground to the use of the information produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

    c.  the right to object on any ground at any time to a demand for further response or production.

12.    Defendants reserve the right to supplement and/or amend these responses and objections at any time.


**Responses and Objections to Specific Interrogatories**

1. Interrogatory No. 1:

Describe the nature of Belfonti's interest (as owner, director, supervisor, officer, manger, and/or shareholder) in BCP, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 1:

Defendants object to Interrogatory No. 1 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

3

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the limited liability company interests of BCP from June 1, 2005 through December 4, 2007, and has been the beneficial owner of 100 percent of the limited liability company interests of BCP since December 4, 2007.

2. Interrogatory No. 2:

Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in Diamond Gaming, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 2:

Defendants object to Interrogatory No. 2 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the shares of Diamond Gaming (through his beneficial ownership of 75 percent of BCP, described above, and BCP's beneficial ownership of 100 percent of the shares of Diamond Gaming Casino Holding N.V.) from December 15, 2006 until December 4, 2007. Defendants further represent that, to the best of their knowledge, since December 4, 2007, Belfonti has been the beneficial owner of 100 percent of the shares of Diamond Gaming.

4

3.  Interrogatory No. 3:

> Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in Belfonti Holdings, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 3:

Defendants object to Interrogatory No. 3 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti has been Manager of Belfonti Holdings, LLC and the beneficial owner of 100 percent of its limited liability company interests since that entity's formation on June 1, 2005.

4.  Interrogatory No. 4:

> Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in BCP Aruba I, LLC, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 4:

Defendants object to Interrogatory No. 4 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the limited liability company interests of BCP Aruba I, LLC from that entity's formation on March 13, 2006 (through his beneficial ownership of limited liability company interests in Belfonti Holdings,

5

described above), and has been the beneficial owner of 100 percent of the limited liability company interests of BCP Aruba I, LLC since December 4, 2007.

    5.  Interrogatory No. 5:

> Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in BCP Florin, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 5:

Defendants object to Interrogatory No. 5 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the limited liability company interests of BCP Florin, LLC (through his beneficial ownership of 75 percent of the limited liability company interests of BCP Aruba I, LLC, described above) from that entity's formation on May 23, 2006, and has been the beneficial owner of 100 percent of the limited liability company interests of BCP Florin, LLC since December 4, 2007.

    6.  Interrogatory No. 6:

> Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in Twilight Holdings, LLC, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 6:

Defendants object to Interrogatory No. 6 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

6

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the limited liability company interests of Twilight Holdings, LLC (through his beneficial ownership of 75 percent of the limited liability company interests of BCP Florin, LLC, described above) from that entity's formation on March 20, 2006 through May 23, 2007. Defendants further represent that, to the best of their knowledge, Belfonti was President and a Director of Twilight Holdings, LLC from June 9, 2006 through May 24, 2007. Defendants further represent that, to the best of their knowledge, since May 23, 2007 Belfonti has had no ownership interest in Twilight Holdings, LLC, and since May 24, 2007 he has had no other interest or involvement in Twilight Holdings, LLC.

7. Interrogatory No. 7:

Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in BCP Sunset Holdings N.V., including the time period in which Belfonti held that interest.

Response to Interrogatory No. 7:

Defendants object to Interrogatory No. 7 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the shares of BCP Sunset Holdings N.V. from that entity's formation on May 2, 2006, through May 23, 2007 (through his beneficial ownership of 75 percent of the limited liability company interests of Twilight

7

Holdings, LLC, described above). Defendants further represent that, to the best of their knowledge, Belfonti was a Supervisory Director of BCP Sunset Holdings N.V. from May 2, 2006 through May 24, 2007. Defendants further represent that, to the best of their knowledge, since May 23, 2007 Belfonti has had no ownership interest in BCP Sunset Holdings N.V., and since May 24, 2007 he has had no other interest or involvement in BCP Sunset Holdings N.V.

8.  Interrogatory No. 8:

   Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in BCP Sunset Holdings II N.V., including the time period in which Belfonti held that interest.

Response to Interrogatory No. 8

   Defendants object to Interrogatory No. 8 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

   Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the shares of BCP Sunset Holdings II N.V. from that entity's formation on May 2, 2006, through May 23, 2007 (through his beneficial ownership of 75 percent of the shares of BCP Sunset Holdings N.V., described above). Defendants further represent that, to the best of their knowledge, Belfonti was a Supervisory Director of BCP Sunset Holdings II N.V. from May 2, 2006 through May 24, 2007. Defendants further represent that, to the best of their knowledge, since May 23, 2007 Belfonti has had no ownership interest in BCP Sunset Holdings II N.V., and since

8

May 24, 2007 he has had no other interest or involvement in BCP Sunset Holdings II
N.V.


   9.  Interrogatory No. 9:

      Identify the nature of Belfonti's interest (as owner, director, supervisor,
      officer, manager, and/or shareholder) in AHE Holding N.V., including the
      time period in which Belfonti held that interest.

Response to Interrogatory No. 9:

     Defendants object to Interrogatory No. 9 on the grounds that it seeks information
that is obtainable from some other source that is more convenient and less burdensome.

     Subject to and without waiving the foregoing objection and the General
Responses and Objections, Defendants represent that, to the best of their knowledge,
Belfonti was the beneficial owner of 75 percent of the shares of AHE Holding N.V. from
May 3, 2006 through May 23, 2007 (through his beneficial ownership of 75 percent of
the shares of BCP Sunset Holdings II N.V., described above).   Defendants further
represent that, to the best of their knowledge, Belfonti was a Supervisory Director of
AHE Holding N.V. from May 2, 2006 through May 24, 2007.   Defendants further
represent that, to the best of their knowledge, since May 23, 2007 Belfonti has had no
ownership interest in AHE Holding N.V., and since May 24, 2007 he has had no other
interest or involvement in AHE Holding N.V.


   10. Interrogatory  No. 10:

      Identify the nature of Belfonti's interest (as owner, director, supervisor,
      officer, manager, and/or shareholder) in Aruba Hotel Enterprises N.V.
      ("AHE"), including the time period in which Belfonti held that interest.

Response to Interrogatory No. 10:

      Defendants object to Interrogatory No. 10 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

      Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge, Belfonti was the beneficial owner of 75 percent of the shares of Aruba Hotel Enterprises N.V. from May 3, 2006 through May 23, 2007 (through his beneficial ownership of 75 percent of the shares of AHE Holding N.V., described above). Defendants further represent that, to the best of their knowledge, Belfonti was a Supervisory Director of Aruba Hotel Enterprises N.V. from May 2, 2006 through May 24, 2007. Defendants further represent that, to the best of their knowledge, since May 23, 2007 Belfonti has had no ownership interest in Aruba Hotel Enterprises N.V., and since May 24, 2007 he has had no other interest or involvement in Aruba Hotel Enterprises N.V.

    11. Interrogatory No. 11:

      Identify the nature of Belfonti's interest (as owner, director, supervisor, officer, manager, and/or shareholder) in Bravo Property Trust, including the time period in which Belfonti held that interest.

Response to Interrogatory No. 11:

      Defendants object to Interrogatory No. 11 on the grounds that it seeks information that is obtainable from some other source that is more convenient and less burdensome.

      Subject to and without waiving the foregoing objection and the General Responses and Objections, Defendants represent that, to the best of their knowledge,

Belfonti was the grantor and has been the Primary Beneficiary of Bravo Property Trust since April 17, 2006.


   12. Interrogatory No. 12:

   Identify each bank or other financial institution with which Belfonti, Richard Belfonti and/or any of the entities referenced in Interrogatories 1-11 hold an account of any kind or nature.

Response to Interrogatory No. 12:

   Defendants object to Interrogatory No. 12 on the grounds that it seeks information that is neither relevant nor material, nor reasonably calculated to lead to the discovery of relevant, material, or admissible evidence.


   13. Interrogatory No. 13:

   Identify each person with knowledge or information concerning the negotiation and/or enactment of the Casino Lease and/or any of its terms and, for each such person, state the nature of that person's knowledge or information.

Response to Interrogatory No. 13

   Defendants object to Interrogatory No. 13 on the grounds that the phrase "information concerning all persons who had knowledge or information concerning the negotiation and/or enactment of the Casino Lease and/or any of its terms" is vague, ambiguous, and overly broad, especially in light of the fact that numerous individuals worked as counsel on behalf of the various parties during the due diligence process related to the May 2006 closing. Defendants further object to Interrogatory No. 13 on the grounds that the information requested is not in Defendants' possession, custody, or control.

11

Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the following individuals may have knowledge or information concerning the negotiation and/or enactment of the Casino Lease or any of its terms:

    1) Alfonso Riveroll Estrada and counsel

    2) Alvaro Montenegro

    3) Marieta Ras

    4) Michael Belfonti and counsel

    5) Andrew Fenet

    6) Adam Hochfelder

    7) Robert Rosenberg

14. Interrogatory No. 14:

> Identify each person with knowledge or information concerning the negotiation and/or enactment of the Put and Call Agreement and/or any of its terms and, for each such person, state the nature of that person's knowledge or information.

Response to Interrogatory No. 14:

Defendants object to Interrogatory No. 14 on the grounds that the phrase "each person with knowledge or information concerning the negotiation and/or enactment of the Put and Call Agreement and/or any of its terms" is vague, ambiguous, and overly broad.  Defendants further object to Interrogatory No. 14 on the grounds that the information requested is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the

following individuals may have knowledge or information concerning the negotiation and/or enactment of the and Put and Call agreement:

    1) Alfonso Riveroll Estrada and counsel

    2) Michael Belfonti and counsel

    3) Adam Hochfelder

    4) Andrew Fenet

15. Interrogatory No. 15:

    Identify each person with knowledge or information concerning the negotiation and/or enactment of the Purported Amendment and/or any of its terms and, for each such person, state the nature of that person's knowledge or information.

Response to Interrogatory No. 15:

    Defendants object to Interrogatory No. 15 on the grounds that the phrase "each person with knowledge or information concerning the negotiation and/or enactment of the Purported Amendment and/or any of its terms" is vague, ambiguous, and overly broad. Defendants further object to Interrogatory No. 15 on the grounds that the information requested is not in Defendants' possession, custody, or control.

    Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the following individuals may have knowledge or information concerning the negotiation or enactment of the Amendment:

    1) Nigel Barrow and counsel

    2) Michael Belfonti and counsel

    3) Marieta Ras

13

4) Dana Friedman

5) Robert Rosenberg

16. <u>Interrogatory No. 16:</u>

Identify each person with knowledge or information concerning the purchase of Diamond Gaming and/or its stock by BCP, Belfonti and/or any entity beneficially owned or controlled by Belfonti and, for each such person, state the nature of that person's knowledge or information.

<u>Response to Interrogatory No. 16:</u>

Defendants object to Interrogatory No. 16 on the grounds that the phrase "each person with knowledge or information concerning the purchase of Diamond Gaming and/or its stock by BCP, Belfonti, and/or any entity beneficially owned or controlled by Belfonti" is vague, ambiguous, and overly broad. Defendants further object to Interrogatory No. 16 on the grounds that the information requested is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the following individuals may have knowledge or information concerning the purchase of Diamond Gaming and/or its stock by any company beneficially owned or controlled by Belfonti:

1) Alfonso Riveroll Estrada and counsel

2) Nigel Barrow and counsel

3) Michael Belfonti and counsel

14

17. <u>Interrogatory No. 17</u>

Identify each person with knowledge or information concerning the allegation in the "Preliminary Statement" of Belfonti's Answer in this action that the "rent amount of $275,000.00 per month was an enhanced figure arranged by the prior owners of the Casino and Hotel. . . for Aruban tax planning purposes" and, for each such person, state the nature of that person's knowledge or information.

<u>Response to Interrogatory No. 17</u>

Defendants object to Interrogatory No. 17 on the grounds that the phrase "each person with knowledge or information concerning the allegation in the 'Preliminary Statement' of Belfonti's Answer in the action that the 'rent amount of $275,000.00 per month was an enhanced figure arranged by the prior owners of the Casino and Hotel . . . for Aruban tax planning purposes'" is vague, ambiguous, and overly broad.  Defendants further object to Interrogatory No. 17 on the grounds that the information requested is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the following individuals may have knowledge or information concerning the allegation in the "Preliminary Statement" of Belfonti's Answer in this action that the "rent amount of $275,000.00 per month was an enhanced figure arranged by the prior owners of the Casino and Hotel . . . for Aruban tax planning purposes":

1) Alfonso Riveroll Estrada and counsel

2) Michael Belfonti and counsel

3) Marieta Ras

4) Nigel Barrow

5) Andrew Fenet

15

6) Adam Hochfelder

18. <u>Interrogatory No. 18:</u>

Identify each person with knowledge or information concerning the allegation in paragraph 39 of the Belfonti Statement that that the rental rate under the Casino Lease "Jeopardized both Diamond Gaming as well as AHE's tax status" and, for each such person, state the nature of that person's knowledge or information.

<u>Response to Interrogatory No. 18:</u>

Defendants object to Interrogatory No. 18 on the grounds that the phrase "each person with knowledge or information concerning the allegation in paragraph" is vague, ambiguous, and overly broad.  Defendants further object to Interrogatory No. 18 on the grounds that the information requested is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections and the General Responses and Objections, Defendants represent that, to the best of their knowledge, the following individuals may have knowledge or information concerning the allegation in paragraph 39 of the Belfonti Statement that the rental rate under the Casino Lease "Jeopardized both Diamond Gaming as well as AHE's tax status":

1) Michael Belfonti and counsel

2) Nigel Barrow

3) Marieta Ras

4) Andrew Fenet

16

19.  Interrogatory No. 19:

Identify every person who prepared, assisted in the preparation of, or was otherwise consulted about the preparation of responses to these Interrogatories, and describe the information and documents provided by each person, and to which Interrogatories the information and documents related.

Response to Interrogatory No. 19:

Defendants object to Interrogatory No. 19 on the grounds stated in the General Responses Objections and on the grounds that it is not reasonably calculated to lead to the discovery of relevant, material, or admissible evidence and is information protected by the attorney work product doctrine.

Dated: New York, New York
        April 11, 2008

                                        KOBRE & KIM LLP

                                        _____
                                        Michael S. Kim
                                        Jonathan D. Cogan
                                        Francisco J. Navarro
                                        Kobre & Kim LLP
                                        800 Third Avenue
                                        New York, New York 10022
                                        Tel: 212.488.1200
                                        Fax: 212.488.1220

                                        *Attorneys for Defendants*

17

## VERIFICATION

STATE OF ~~NEW YORK~~ Connecticut }

COUNTY OF ~~NEW YORK~~ New Haven } ss: Hamden

Michael Belfonti, being duly sworn, deposes and says that he has read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and that the information contained therein is true to the best of his knowledge, information and belief

_____
Michael Belfonti

Subscribed and Sworn before
Me this 11ᵗʰ day of April, 2008

My Commission Expires
May 31, 2012
_____
Notary Public

18