# EXHIBIT I

**SJIEM FAT & KUSTER**

AR 2648/2007

Docket May 7, 2008

**DEFENSE IN COUNTERCLAIM
IN THE MAIN CASE ALSO INCLUDING A DEED OF AMENDMENT
OF CLAIM**

Regarding

**BELFONTI HOLDINGS LLC, BELFONTI CAPITAL PARTNERS LLC, MCR PROPERTY MANAGEMENT INC** and **CEB IRREVOCABLE TRUST**, plaintiffs, attorneys: J.P. Sjiem Fat, Esq. & A.F. Kuster, Esq.

vs.

**ARUBA HOTEL ENTERPRISES NV**, defendant, attorneys R.T.J.M. Oomen, Esq. and R.E. Offiringa, Esq.;

Plaintiffs state as <u>reply</u>

1. Plaintiffs dispute AHE's statements to the extent that they are not expressly acknowledged below.
2. Plaintiffs maintain that the funds they provided to AHE are loans and that the loan agreements are legally valid. In this regard they emphasize that agreements to provide credit in our legal system are made free of form and they maintain that in AHE's bookkeeping system the funds are registered as being due to the plaintiffs[1]. They will come back to this below.
3. By currently denying that these funds are due and failing to repay the funds, AHE is **in default**.

---

[1] See Providing Credit, Series Bank and Securities Law, Kluwer, Second printing, page 38, Providing Business Credit

4. And even if this is not a matter of a loan agreement that came about in a legally valid manner – which absolutely is not the case – so in other words if it should be assumed that the plaintiff provided the funds to AHE without any legal ground, AHE would still be bound to repay to the plaintiffs the funds provided, either based on **undue payment** (complying with a revocable agreement) or based on **unjust enrichment** (article 6:212 Aruba Civil Code)[2]. It is certain that AHE received the funds (this is not denied) and that it used these to repay the loan from Wachovia National Bank Association (Wachovia) and to cover (other) business/operational expenses (AHE's income from the hotel business turned out to be insufficient for that purpose). Because of the funds that were furnished (all coming from the plaintiffs' capital), AHE received an <u>equity advantage</u> in the form of available working capital. If no agreement can now serve as the basis for reclaiming AHE's money loans, then this must be done based on an agreement under the law. In light of this, the plaintiffs amend their claim as follows:

> ***THAT IT MAY PLEASE YOUR HONOR** to sentence AHE through a judgment having immediate effect to make the following payments:*
> *-BEFONTI [sic] HOLDINGS LLC           US$499,950.00*
> *-BELFONTI CAPITAL PARTNERS LLC  US$5,266,702.86*
> *-MCR PROPERTY MANAGEMENT INC US$2,469,485.80*
> *-CEB IRREVOCABLE TRUST              US$548,250.00*
> ***primarily** based on breach of contract, **secondarily** based on undue payment or on unjustified enrichment, all this increased by the legal interest from today, or **<u>AT ANY RATE</u>** any other decision to be made by Your Honor in the interest of good justice. Costs to be determined by the Court.*

5. As stated above, AHE's books show that it (AHE) owes the funds provided (as a loan), to the plaintiffs. According to the law, AHE's directors

---

[2] In general a defendant is charged with action from unjust enrichment when there is (a) enrichment of the defendant (obtained capital benefit), (b) a corresponding impoverishment of the plaintiff, (c) the lack of a reasonable (legal) basis for this situation (noticeably, AHE refrains from indicating what would be the basis of the award of money by the plaintiffs), and (d) the existence of a causal connection between the enrichment and the impoverishment

are required to maintain an administration of their capital condition and to keep this, so that AHE's rights and obligations can be known at any time. Now that AHE emphatically denies that its books would show that it owes any amount to the plaintiffs or any one of the plaintiffs, it is even more likely that it should provide proof of that statement by means of its bookkeeping. If you think otherwise, then you are requested to order **AHE and its local external accountants** (*PricewaterhouseCoopers*) through an interlocutory sentence (with a penalty), invoking article 141 and article 142 of the Civil Procedure Code of Aruba, to open their books or provide information regarding AHE's bookkeeping for the years 2007 and 2008 and then give plaintiffs the opportunity to give their opinion on that.

6. Finally, the plaintiffs offer proof, to the extent necessary, of their statements without being willing to accept any nonobligatory burden of proof. More specifically, they offer to hear as witnesses, among others, Mr. Michael Belfonti (Belfonti) and Ms. Victoria Carpenter (Carpenter) regarding the money loans provided to AHE and the circumstances under which the loans were granted. In the past, Belfonti was indirect owner of the Aruba Westin Hotel and in addition he is the principal of Belfonti Holdings LC and Belfonti Capital Partners LLC. Carpenter works for Belfonti and has knowledge about the funds provided.

7. The plaintiffs expressly request herewith that arguments be put forward – pursuant to article 28 of the Rules for Procedures in Civil Cases in the Netherlands Antilles and Aruba.

8. The plaintiffs maintain their amended claim, as NOTED!

[signature]

Aruba, May 7, 2008    J.P. Sjiem Fat, Esq. & A.F. Kuster, Esq.
Attorneys

3