# EXHIBIT J

**Docket of Wednesday July 2, 2008**

AR 2648/2007

REJOINDER

in the matter:

**ARUBA HOTEL ENTERPISES N.V.**, defendant, authorized representatives Mr. R.T.J.M. Oomen, Esq. and Mr. R.E. Offringa, Esq.;

versus

**BELFONTI HOLDINGS LLC, BELFONTI CAPITAL PARTNERS LLC, MCR PROPERTY MANAGEMENT INC, CEB IRREVOCABLE TRUST**, claimants, authorized representative Mr. J.P. Sjiem Fat, Esq.

-----------------------------------------------------------------------------------------------------------------

Defendant claims and moves as rejoinder as follows:

1. Defendant, hereinafter to be referred to as: "AHE", disputes the statements of claimants again, as far as these are not explicitly acknowledged hereunder.

2. As already has been stated in the answer, claimants have initiated a completely pointless procedure against AHE, without even the beginning of delivering proof of its statements without even submitting any written agreement or acknowledgement from the side of AHE with regard to the existence of the alleged loans and without even making it slightly plausible that AHE would have ever received any advantage from these "loans".

3. AHE persists with its denial to ever have concluded a loan agreement with claimants, or one of them, or that concerned monies were ever used in favor of AHE. There is therefore not a case of unjust enrichment at the expense of claimants.

4. Now that claimants have not even started to begin to proof their statements, their claims can be rejected. Neither AHE, nor its accountant PWC Aruba can be forced under these circumstances to open its books for claimants, especially if we remember who is behind claimants. There is no place for hearing Belfonti or his accountant Victoria Carpenter, After all, both of them can be identified as party in this procedure, and our law of evidence did not want to allow the figure of "party witness" (person testifying on his own behalf). This is even more pressing now that Belfonti prevented PWC Aruba to inspect AHE's books during the time he was the owner of AHE.

5. Belfonti supposedly tries to shift the financial disaster on to AHE again with these claims, by trying to receive the money that he paid at the time to acquire or keep the shares in AHE from AHE through the trick of a "loan to AHE". Belfonti and his entities should however know that that money was venture capital, invested only to benefit Belfonti and

his entities. AHE has never become any richer because of that, nor has it received any benefit because of that. To label that subsequently as a "loan" is rather transparent.

6. AHE repeats that there cannot be any loans. There is no loan agreement (neither oral, nor in writing), there are no minutes of the Supervisory Board of AHE (that should have approved such loans statutory) in which these loans are mentioned and the personal attorney of Belfonti, Dana Friedman, that was a member of the Supervisory Board on behalf of Belfonti at the time, has had to acknowledge in a procedure in the US that he never heard of these loans.

8. Because of the reasons that were already mentioned above, the request based on Article 142 and 143 of the Code of Civil procedure needs to be rejected. Claimants need to at least deliver the beginning of proof for their statements, if they indeed granted loans to AHE. By not doing so and by just filing a request under Article 142 and 143 of the Code of Civil procedure, claimants abuse the rights and try to force access to confidential information of AHE and its accountant. After all, claimants can be considered to be in war with AHE in view of the many procedures between AHE and Belfonti. The Articles 142 and 143 from our civil procedure are not meant for a "fishing expedition".

9. AHE offers proof of all its statements, without wishing to assume any voluntary burden of proof.

We pursue our claim!

On behalf of AHE,

R.T.J.M. Oomen

Aruba, docket of July 2, 2008