# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL 212.488.1200
FAX 212.488.1220
WWW.KOBREKIM.COM

1919 M STREET, NW
WASHINGTON, DC 20036
TEL 202.664.1900
FAX 202.664.1920

1111 BRICKELL AVENUE
MIAMI, FLORIDA 33131
TEL 305.967.6100
FAX 305.967.6120

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 9 2008

**MEMO ENDORSED**

August 22, 2008

**BY ELECTRONIC MAIL**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 735
New York, New York 10007

*[Handwritten endorsement:] August 29, 2008 — There is no need for a conference as there is no need for a motion. Defendant may include the offered materials in its response to plaintiff's request for injunctive relief. So ordered. Paul A. Crotty, USDJ*

Re:  Aruba Hotel Enterprises, N.V. v. Belfonti, et al.
     No. 07 CV 07564 (PAC)

Dear Judge Crotty:

   We write on behalf of Defendants Michael Belfonti, Belfonti Holdings LLC, and Belfonti Capital Partners, LLC pursuant to Rule 3(D) of Your Honor's Individual Practices to request a pre-motion conference in anticipation of filing a motion to strike Plaintiff's request for injunctive relief and for other appropriate relief. This motion is necessitated by a recently uncovered, significant misrepresentation/omission that Plaintiff Aruba Hotel Enterprises N.V. ("AHE") has made in this litigation that renders its request for an anti-foreign suit injunction unenforceable. In addition, among other things, AHE should also be compelled to pay Defendants' legal fees and costs associated with bringing this motion as well as defending AHE's false claims in this litigation to date.

   AHE has alleged in this case that if the Defendants were to prevail in convincing a court in Aruba (where parallel litigation is ongoing) that the transactions at issue in this case are loans that AHE would have to repay, such a finding would constitute "serious irreparable harm" because it would cause AHE to be in default of an agreement with its lender, Wachovia, and would allow Wachovia to foreclose on it. Specifically, AHE's Second Amended Complaint, filed with this Court on June 26, 2008, alleges as follows:

The Honorable Paul A. Crotty
August 22, 2008
Page 2

> If [the transactions at issue] are characterized as "loans" or as an obligation that AHE must otherwise repay, it would cause AHE, and its new ownership, to be in default on the [Wachovia] Mortgage Loan. This would cause *serious, irreparable harm to AHE* ... [because] [u]nder section 3.1.24(d) of the [Wachovia] Mortgage Loan Agreement, AHE was not permitted to incur indebtedness of the type alleged by Defendants to have been created by AHE to them ... [and a] breach of section 3.1.24(d) of the [Wachovia] Mortgage Loan Agreement gives rise to *a default for which there is no right to cure.*

Second Amended Complaint, ¶¶ 9-10, 22-23 (emphasis added).

Based on this claimed danger of default (and foreclosure), AHE has asked this Court to issue a "preliminary and permanent injunction enjoining the Defendants from attempting to obtain repayment of the monies allegedly advanced to AHE, by pursuing litigation in another forum or otherwise." Second Amended Complaint at 9. AHE has been holding this threat of such an injunction over the Defendants' heads, causing Defendants to expend significant resources to litigate this issue in discovery and otherwise.

What AHE had neglected to tell the Court (and had actually attempted to shield the Defendants from discovering until the Defendants specifically pinpointed this issue, and ordered by this Court to reveal earlier this week) is that, *three days before* it filed its Second Amended Complaint with the Court, it entered into a secret side-agreement with Wachovia that prevents Wachovia from foreclosing on it even if these transactions were to be declared by a court to be loans. (*See* Exhibit 1) In other words, AHE's Second Amended Complaint asserted a threat of irreparable harm (which is necessary under the law to get the requested injunction) even though it knew at the time it filed the complaint that no such threat actually existed. *See, e.g., Rodriguez v. DeBuono*, 175 F.3d 227, 235, n.9 (2d Cir. 1999)("[A] showing of irreparable harm is required for the imposition of *any* injunctive relief, preliminary or permanent") (emphasis added); *Energy Capital Co. v. Caribbean Trading & Fidelity Corp.*, No. 93 Civ 8100, 1996 WL 157498, *5-6 (S.D.N.Y. Apr. 4, 1996) ("A federal court has the power to enjoin a party before it from prosecuting similar litigation in a foreign tribunal if the foreign action presents a threat of *irreparable harm* to the party seeking injunctive relief.") (emphasis added).

The Honorable Paul A. Crotty
August 22, 2008
Page 3

\*    \*    \*    \*    \*

Accordingly, Defendants respectfully request a pre-motion conference so that they can pursue a motion to strike AHE's request for an anti-foreign suit injunction and to recover attorneys' fees and costs at the Court's earliest convenience, and to ask for other appropriate relief.

Respectfully submitted,

Francisco J. Navarro
212.488.1240

cc: Michael T. Mervis, Esq.

**EXHIBIT 1**

## Francisco J. Navarro

**From:** Mervis, Michael [MMervis@proskauer.com]
**Sent:** Thursday, August 21, 2008 12:12 PM
**To:** Matthew I. Menchel; Francisco J. Navarro
**Cc:** Dempsey, Patrick J.; Blinderman, Eric H.
**Subject:** Aruba Hotel Enterprises N.V. v. Belfonti et al 07-cv-07564-PAC

Counsel - In response to paragraph 4 of Judge Crotty's August 19, 2008 Order, the date of the loan modification agreement is June 23, 2008. We will prepare and circulate a proposed stipulation to address the other aspect of paragraph 4 of the Order.

Michael T. Mervis | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
V: 212.969.3565 | F: 212.969.2900 | Mobile: 917.756.9758
mmervis@proskauer.com | www.proskauer.com

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

8/22/2008