EXHIBIT F

AMENDED AND RESTATED
OPERATING AGREEMENT

THIS AMENDED AND RESTATED OPERATING AGREEMENT OF BELFONTI HOLDINGS, LLC, a Delaware limited liability company (the "Company") is entered into by Michael Belfonti, having a mailing address c/o MCR Property Management, Inc., 2319 Whitney Avenue, Suite 1A, Hamden, Connecticut 06518 ("Michael Belfonti" or the "Initial Member").

W I T N E S S E T H:

WHEREAS, the Initial Member entered into an operating agreement as of the 1st day of June, 2005 (the "Original Operating Agreement");

WHEREAS, pursuant to a subscription agreement of even date herewith between the Company and The Bravo Property Trust created under Declaration of Trust dated _____ by Dana Eric Friedman and Commonwealth Trust Company, as Trustees (the "Trust"), the Trust has subscribed for a membership interest in the Company;

WHEREAS, the Company desires to admit the Trust as an additional member of the Company; and

WHEREAS, the Members wish to amend and restate the Original Operating Agreement to reflect the Trust's capital account in the Company (equal to the fair market value of the capital contribution made by the Trust) and the resulting Membership Interests of the Members and otherwise amend and restate the Original Operating Agreement as hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Members hereby amend and restate the Original Operating Agreement as follows:

## SECTION I
### Defined Terms

The following capitalized terms shall have the meanings specified in this Section I. Other terms are defined in the text of this Agreement; and, throughout this Agreement, those terms shall have the meanings respectively ascribed to them.

*"Act"* means the Delaware Limited Liability Company Act, as amended from time to time.

*"Agreement"* means this Operating Agreement, as amended from time to time.

*"Capital Contribution"* means the total amount of cash and the fair market value of any other assets contributed to the Company by a Member, net of liabilities assumed or to which the assets are subject.

1.

MBNY174623

**"Cash Flow"** means all cash funds derived from operations of the Company (including interest received on reserves), without reduction for any non-cash charges, but less cash funds used to pay current operating expenses and to pay or establish reasonable reserves for future expenses, debt payments, capital improvements, and replacements as determined by the Manager.

**"Code"** means the Internal Revenue Code of 1986, as amended, or any succeeding law.

**"Company"** is defined in the preamble of this Agreement.

**"DST"** means the Delaware Secretary of State.

**"Entity"** shall mean a general partnership, a limited partnership, a limited liability company, a trust, an estate, an association, a corporation, or any other legal or commercial entity.

**"Initial Member"** is defined in preamble of this Agreement.

**"Interest"** means, with respect to any Member, the percentage set forth opposite such Member's name on Exhibit B, as amended from time to time.

**"Interest Holder"** means any Person who holds an Interest, whether as a Member or as an unadmitted assignee of a Member.

**"Involuntary Withdrawal"** means, with respect to a Member, the occurrence of his death or incapacity or any of the events of bankruptcy as set forth in the Act.

**"Manager"** means Michael Belfonti, or such other Person or Persons hereinafter designated by the Members pursuant to the terms of the Agreement to act as Manager of the Company.

**"Member"** means each Person signing this Agreement and any Person who subsequently is admitted as a member of the Company.

**"Membership Interests"** means all of the rights of a Member in the Company, including a Member's: (i) right to share in the profits and losses of, and right to receive distributions from, the Company; (ii) right to inspect the Company's books and records; and (iii), unless this Agreement or the Articles of Organization provide to the contrary, and provided that prior consent by the Manager is obtained, right to act as an agent of the Company.

**"Original Operating Agreement"** has the meaning set forth in the recitals to this Agreement.

**"Person"** means an individual or Entity, and the heirs, executors, administrators, legal representatives, successors, and assigns of such "Person" where the context so permits.

**"Regulations"** means the treasury regulations, including any temporary regulations, from time to time promulgated under the Code.

**"Transfer"** means, when used as a noun, any voluntary sale, hypothecation, pledge, assignment, attachment, or other transfer, and, when used as a verb, means voluntarily to sell, hypothecate, pledge, assign, or otherwise transfer.

**"Voluntary Withdrawal"** means a Member's dissociation with the Company by means other than a Transfer or an Involuntary Withdrawal.

## SECTION II
### Formation and Name; Office; Purpose; Term

2.

MBNY174624

**2.1.    Organization.** The Company was organized by Jennifer R. Fitzgerald, as Authorized Person, as a limited liability company pursuant to the Act and the provisions of this Agreement and, for that purpose, caused Articles of Organization to be prepared and filed with the DST.   A copy of the Articles of Organization so filed is attached hereto as Exhibit A.

**2.2.    Name of the Company.** The name of the Company is "Belfonti Holdings, LLC".   The Company may do business under that name and under any other name or names upon which the Members agree.  If the Company does business under a name other than that set forth in its Articles of Organization, then the Company shall file a trade name certificate to the extent required by law.

**2.3.    Purpose.** The Company is organized for the purpose of acting as the managing member of Belfonti Capital Partners, LLC, a Delaware limited liability company, and such activities as are necessary, incidental or appropriate in connection therewith and to engage in any lawful act or activity and to exercise any powers permitted to limited liability companies organized under the laws of the State of Delaware whether or not related or incidental to the accomplishment of the above-mentioned purposes.

**2.4.    Term.** The term of the Company began upon the endorsement of the Articles of Organization by the DST and shall continue in existence until its existence is sooner terminated pursuant to Section VII of this Agreement.

**2.5.    Principal Office.** The principal office of the Company shall be located at 2319 Whitney Avenue, Suite 1A, Hamden, Connecticut 06518 or at any other place designated by the Manager, or if there shall be more than one Manager, by a majority vote of the Managers. The registered office of the company in the State of Delaware is 222 Delaware Avenue, Suite 1200, Wilmington, Delaware 19801.

**2.6.    Statutory Agent.** The name of the Company's statutory agent in the State of Delaware shall be ATA Corporate Services, LLC, with a business address at 222 Delaware Avenue, Suite 1200, Wilmington, Delaware 19801.

**2.7.    Members.** The names and Interests of the Members are set forth on Exhibit B.

### SECTION III
### Members; Capital; Capital Accounts

**3.1.    Initial Capital Contributions.**  The Initial Member has heretofore contributed to the Company cash or property as necessary to promote the Company's organization and affairs in such amount or amounts as are reflected on the books of the Company and his capital account. The Trust has committed to contributing the amount set forth in its subscription agreement, which amount shall be subject to call by the Manager in his discretion upon reasonable notice.

**3.2.    No Additional Capital Contributions Required.**  No Member shall be required to contribute any additional capital to the Company except as proposed by the Manager and agreed by the Members. The Members shall have no personal liability for any obligation of the Company.

**3.3.    No Liability.** No Member shall be liable, solely by reason of being a member of the Company, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation, or liability of the Company, whether arising in contract, tort or otherwise.

**3.4.    Loans.** The Members may, at any time, make or cause loans to be made by or extended to the Company by a Member in any amount and on those terms upon which the Manager shall determine are in the best interests of the Company.

### SECTION IV
### Distributions

3.

MBNY174625

**4.1.    Distributions of Cash Flow.**  Cash Flow for each taxable year of the Company shall be distributed in such amounts and at such times as the Manager shall determine in his sole discretion; provided, however, that any distribution to the Members shall be made in proportion to their respective Interests.

**4.2.    Liquidation and Dissolution.**  If the Company is liquidated, the assets of the Company shall be distributed first to creditors of the Company, in satisfaction of the liabilities of the Company, and then to the Members in proportion to their respective Interests.

**SECTION V**
**Management: Rights, Powers, and Duties**

**5.1.    Management.** The Company shall be managed by the Manager.  The Manager shall not be removed or replaced and no Manager shall be added except upon the unanimous agreement of the Members.  The Manager  (or Managers if ever there be more than one) shall have full exclusive, and complete discretion, power and authority to manage, control, administer and operate the business and affairs of the Company, including the power to enter into any transaction for the purchase, sale, financing, pledge or security of all or any part of the assets of the Company.  The Manager is further authorized to designate offices and appoint officers, employees or agents, and to delegate or prescribe powers or authorities of the same to act for the Company.

**SECTION VI**
**Transfer of Interests and Withdrawal**

**6.1.    Transfers.**  Except as hereinafter provided, a Member shall have the right to transfer all or a portion of such Member's Membership Interest upon the consent of the Manager, in his discretion, provided, however, that the transferee shall not have the right to become a Member without the unanimous consent of the Members.

**6.2.    Voluntary Withdrawal.**  No Member shall have the right or power to voluntarily withdraw from the Company, except upon the consent of the Manager.

**6.3.    Involuntary Withdrawal.**  Upon the occurrence of an Involuntary Withdrawal of a Member, the legal representative or other successor in interest of such Member may, at the election of such legal representative or other successor in interest, become a Member.

**SECTION VII**
**Dissolution, Liquidation, and**
**Termination of the Company**

**7.1.    Events of Dissolution.**  The Company shall be dissolved upon the happening of any of the following events:

7.1.1    the unanimous consent of the Members; or

7.1.2.    the entry of a decree of judicial dissolution with respect to the Company pursuant to the terms of the Act.

**7.2.    Procedure for Winding Up and Distribution.**  If the Company is dissolved, the Manager shall wind up its affairs. On winding up of the Company, the assets of the Company shall be distributed in accordance with Section 4.2 of this Agreement.

4.

MBNY174626

## SECTION VIII
### Books, Records, Accounting, and Tax Elections

**8.1.    Bank Accounts.**  All funds of the Company shall be deposited in a bank account or accounts opened in the Company's name.

**8.2.    Books and Records.**  The Manager shall keep or cause to be kept complete and accurate books and records of the Company and supporting documentation of transactions with respect to the conduct of the Company's business. The books and records shall be maintained in accordance with sound accounting practices and shall be available at the Company's principal office.

**8.3.    Annual Accounting Period.**  The annual accounting period of the Company shall be its taxable year.

**8.4.    Tax Treatment.** The Members agree that the Company shall be treated as a partnership for federal and state tax purposes, and shall report its income accordingly.  The "tax matters partner" (as defined in Section 6231 of the Code) shall be Michael Belfonti.

## SECTION IX
### General Provisions

**9.1.    Assurances.**  The Manager shall execute all certificates and other documents, make all such filing, recording and publishing, and perform other acts as the Manager deems appropriate to comply with the requirements of law for the maintenance and operation of the Company and to comply with any laws, rules, and regulations relating to the acquisition, operation, or holding of the property of the Company.

**9.2.    Applicable Law.**  All questions concerning the construction, validity, and interpretation of this Agreement and the performance of the obligations imposed by this Agreement shall be governed by the internal law, not the law of conflicts, of the State of Delaware.

**9.3.    Section Titles.**  The headings herein are inserted as a matter of convenience only and do not define, limit, or describe the scope of this Agreement or the intent of the provisions hereof.

**9.4.    Binding Provisions.**  This Agreement is binding upon, and inures to the benefit of, any party hereto and his respective heirs, executors, administrators, personal and legal representatives, successors, and permitted assigns.

**9.5.    Jurisdiction and Venue.**  Any suit involving any dispute or matter arising under this Agreement may only be brought in the United States District Court for the District of Connecticut or any Connecticut State Court having jurisdiction over the subject matter of the dispute or matter.

**9.6.    Terms.**  Common nouns and pronouns shall be deemed to refer to the masculine, feminine, neuter, singular and plural, as the identity of the Person may in the context require.

**9.7.    Separability of Provisions.**  Each provision of this Agreement shall be considered separable; and if, for any reason, any provision or provisions herein are determined to be invalid and contrary to any existing or future law, such invalidity shall not impair the operation of or affect those portions of this Agreement which are valid.

5.

MBNY174627

**9.8.     Amendments.**   This Agreement may not be amended or changed except upon the unanimous agreement of the Members.

**9.8.     Counterparts.**   This Agreement may be signed in counterparts, each of which shall be deemed an original and all of which shall be deemed one and the same instrument.

**IN WITNESS WHEREOF,** the undersigned have executed, or caused this Agreement to be executed, under seal, as of the date set forth hereinabove.

**WITNESS**                                          **MEMBER:**

_____          _____
                                                              Michael Belfonti

_____          _____
                                                              The Bravo Property Trust, by Dana Eric
                                                              Friedman, as Trustee

6.

MBNY174628

**EXHIBIT A**

Articles of Organization

7.

MBNY174629

**EXHIBIT B**

| NAME | INTEREST |
|------|----------|
| Michael Belfonti | 20% |
| The Bravo Property Trust | 80% |

8.

MBNY174630