EXHIBIT G

## DECLARATION OF

## THE BRAVO PROPERTY TRUST

This Declaration of Trust is made on the 17th day of april, in the year Two Thousand Six, by Dana Eric Friedman, of Cheshire, Connecticut, (hereinafter called the "Individual Trustee") and Commonwealth Trust Company, of Wilmington, Delaware (hereinafter called the "Administrative Trustee") (the Individual Trustee and the Administrative Trustee hereinafter collectively referred to as the "Trustees").

### WITNESSETH:

WHEREAS, the Trustees have received from the trustees of the trust created under The Constance E. Belfonti Irrevocable Trust Indenture, dated the 15th day of December 1995, the property described in Schedule A and the Trustees wish to make the following declaration with respect to the said property.

WHEREAS, additional property, cash or securities may be paid or transferred to the Trustees by gift, devise, or bequest under the terms of a Last Will and Testament, in which event such additional cash, property or securities shall be listed on additional schedules to be attached hereto.

NOW, THEREFORE, the Trustees agree to hold any of said property as is accepted by them which may hereafter be placed or caused to be placed in trust under this Declaration of Trust, whether by will or otherwise (hereinafter sometimes referred to as the "Trust Property"), and the interest therefrom and the proceeds thereof, to manage, invest and reinvest said property, IN TRUST, for the following uses and purposes:

### ARTICLE I.

The Trustees shall hold, administer, invest and reinvest, and dispose of the Trust Property in trust for Michael Belfonti (referred to as the "Primary Beneficiary"), his qualifying spouse (as defined in Article XVI hereof), his lineal descendants and charity in accordance with the succeeding provisions of this Article. Such trust shall be known as "The Bravo Property Trust."

(1)     DISPOSITION OF INCOME AND PRINCIPAL:  During the lifetime of the Primary Beneficiary, The Trustees shall from time to time pay to or for the benefit of one or more of the group consisting of the Primary Beneficiary, his qualifying spouse, his lineal descendants living from time to time and such Charitable Organizations as the Individual Trustee may determine, so much of the net income and principal of the Primary Beneficiary's trust in such proportions and amounts as the Individual Trustee shall determine in his absolute discretion.  Such amounts of net income and principal may be

MBNY114679

paid or applied without regard to equality of distribution and regardless of whether any one or more of said beneficiaries may be totally deprived of any benefit hereunder. The Individual Trustee in exercising his absolute discretion shall not be required to consider the amount of income from other sources of any beneficiary, the amount of any beneficiary's independent property or the extent to which any beneficiary may be entitled to support by a parent or any other person. The Individual Trustee may at any time terminate the Primary Beneficiary's trust by distributing the entire principal of the Primary Beneficiary's trust to any one or more of the beneficiaries of such trust and the Trustees shall not be accountable to any other beneficiary, even though such other beneficiary shall be totally deprived of any benefit. The Individual Trustee should, but is not required to, consider the needs of the Primary Beneficiary first and foremost.

(2)     CONTINUING TRUSTS: Upon the death of the Primary Beneficiary, to the extent the powers granted to him under paragraphs (3) and (4) of this Article are not exercised, the Trustees shall continue to hold the property of such Primary Beneficiary's trust and shall divide such property as it exists at such time into separate, equal shares, so as to provide one (1) share for each child of said deceased Primary Beneficiary living at such time, and one (1) share for the then living lineal descendants, collectively, of each deceased child of said deceased Primary Beneficiary. The share so allocated in respect of the then living lineal descendants, collectively, of any deceased Primary Beneficiary shall be further divided in respect of such descendants, per stirpes. The share so allocated to each child of a Primary Beneficiary or to a descendant of a deceased child of a Primary Beneficiary shall constitute and be held and administered as a separate trust in accordance with the provisions of this Article and each child of a Primary Beneficiary or descendant of a deceased child of a Primary Beneficiary in respect of whom such share was so allocated shall be the Primary Beneficiary of such trust. If said deceased Primary Beneficiary has no then living lineal descendants, the Trust Property shall be held, administered, invested and reinvested, divided and disposed of in accordance with this paragraph in separate per stirpital share trusts for the remaining then living lineal descendants of such Primary Beneficiary's parent who was a descendant of Constance E. Belfonti and Richard Belfonti, or if there be none, for the remaining then living lineal descendants of Constance E. Belfonti and Richard Belfonti, or if there be none, such property shall be distributed in accordance with the provision of paragraph (6) of this Article. However, any share created hereby for any lineal descendant of Constance E. Belfonti and Richard Belfonti shall be added to any trust then in existence for such beneficiary under this Article I and held and administered in accordance with the terms of such trust.

(3)     SPECIAL INTER VIVOS POWER OF APPOINTMENT: Notwithstanding anything herein to the contrary, during his lifetime subsequent to attaining the age of twenty-one (21) years, the Primary Beneficiary of any trust hereunder shall have the power, exercisable at any time and from time to time by written notice, duly executed and acknowledged, to the Trustees, to appoint any part or all of the income and principal of his trust to such persons or Charitable Organizations, in such manner and at such times as he shall so designate, except that no appointment shall be made to said Primary

MBNY114680

Beneficiary himself, his estate, his creditors, or the creditors of his estate. Any such appointment so made may be revoked by the Primary Beneficiary, by written notice, duly executed and acknowledged, to the Trustees, at any time prior to the happening of the event upon which it is to become effective, and a new appointment may be made as above provided. In addition to the methods provided by law, this special power of appointment may be released by said Primary Beneficiary in whole or in part during his lifetime by an instrument or instruments in writing, signed, acknowledged, and delivered to the Trustees of his trust then serving. Notwithstanding the foregoing, however, said Primary Beneficiary shall have no power of appointment with respect to any insurance policy under which he is the insured and said Primary Beneficiary shall not exercise this special power of appointment in a manner so as to discharge any obligation of support which he may have.

(4)    SPECIAL TESTAMENTARY POWER OF APPOINTMENT:  Notwithstanding anything herein to the contrary, the Primary Beneficiary of any trust hereunder shall have the power to appoint by specific reference to this special power in his will all or any part of the income and principal of his trust remaining at the time of his death to such persons or Charitable Organizations, in such manner and at such times as said Primary Beneficiary shall so designate, except that such will must be executed, ratified, or confirmed after said Primary Beneficiary has attained the age of twenty-one (21) years, and except, further, that no appointment shall be made to said Primary Beneficiary himself, his estate, his creditors or the creditors of his estate. In addition to the methods provided by law, this special power of appointment may be released by said Primary Beneficiary in whole or in part, during his lifetime, by an instrument or instruments in writing, signed, acknowledged, and delivered to the Trustees of his trust then serving. Notwithstanding the foregoing, however, said Primary Beneficiary shall have no power of appointment with respect to any insurance policy under which he is the insured.

(5)    TERMINATION:    The trusts held in accordance with this Article shall terminate in accordance with the provisions of Article VIII hereof.

(6)    CONTINGENT DISPOSITION:  If at any time any property is directed to be disposed of in accordance with the provisions of this paragraph or any Trust Property remains undisposed of pursuant to the provisions of this Declaration of Trust other than this paragraph, the Trustees shall distribute such Trust Property to such Charitable Organizations in such shares and for such purposes as the Individual Trustee in his discretion shall select after taking into consideration the history and pattern of charitable giving of the Primary Beneficiary or Primary Beneficiaries, as the case may be, during his or their lifetime.

ARTICLE II.

TRUSTEE RESTRICTIONS: No Non-Independent Trustee as defined in paragraph (2) of Article IV hereof or any other Trustee at any time acting hereunder who through the exercise of any power, discretion or authority would cause any property held in trust hereunder to be attributable to any

MBNY114681

beneficiary of any trust hereunder for U.S. federal income, gift, estate or generation-skipping transfer tax purposes prior to actual distribution of such property shall participate in any decision regarding the distribution of income or principal of such trust or in any decision in respect of the exercise of such power, discretion or authority. Furthermore, any such Non-Independent Trustee or other Trustee who shall have a legal obligation to support a beneficiary of a trust hereunder shall not participate as a Trustee or Non-Independent Trustee, as the case may be, in any decision with respect to making income or principal distributions that would satisfy such obligation.

ARTICLE III.

(1)    ADMINISTRATIVE TRUSTEE:  Commonwealth Trust Company with offices in Wilmington, Delaware, United States, shall serve as the initial Administrative Trustee, whose duties, powers and responsibilities shall be limited to those set forth in this Article and which shall be carried out in the State of Delaware.

If the initial Administrative Trustee ceases to act as such for any reason, the Individual Trustee shall appoint by an instrument in writing executed by him and delivered to the appointee, a successor Administrative Trustee.  At any time when there is no Administrative Trustee, the duties, powers and responsibilities set forth in this Article shall be exercisable by the Individual Trustee, and the Individual Trustee may at any time direct that the Administrative Trustee shall not have or exercise any one or more of such duties, powers and responsibilities for such period of time as is specified in such direction. The Administrative Trustee shall:

(a)    maintain bank accounts, brokerage accounts and other custody accounts that receive trust income and contributions and from which trust expenditures and distributions are disbursed;

(b)    maintain storage of tangible personalty and evidence of intangible trust property;

(c)    maintain trust records;

(d)    maintain an office for Trustee meetings and other trust business;

(e)    originate, facilitate and review trust accountings, reports and other communications with any Co-Trustees, beneficiaries and unrelated third parties;

(f)    respond to inquiries concerning any trust created hereunder from any Co-Trustees, beneficiaries and unrelated third parties;

(g)    execute documents and authorize trust account transactions;

MBNY114682

(h)    retain accountants, attorneys, investment counsel, agents and other advisors in connection with the performance of the Administrative Trustee's duties under this Agreement; and

(i)    prepare or arrange for the preparation of the trust income tax returns.

(2)    INDEMNIFICATION OF ADMINISTRATIVE TRUSTEE:

(a)    Every act done, power exercised or obligation assumed by an Administrative Trustee pursuant to and in accordance with the provisions of this Declaration of Trust shall be held to be done, exercised or assumed, as the case may be, by the Administrative Trustee acting in a fiduciary capacity and not otherwise, and every person, firm, corporation or other entity contracting or otherwise dealing with the Administrative Trustee shall look only to the funds and property of the trust estate for payment under such contract or payment of any money that may become due or payable under any obligation arising under this Declaration of Trust, in whole or in part, and the Administrative Trustee shall not be individually liable therefor even though the Administrative Trustee did not exempt himself, herself or itself from individual liability when entering into any contract, obligation or transaction in connection with or growing out of the trust estate.

(b)    The decision of any Administrative Trustee hereunder with respect to the exercise or nonexercise by such Administrative Trustee of any power hereunder, or the time or manner of the exercise thereof, made in good faith, shall fully protect such Administrative Trustee and shall be final, conclusive and binding upon all persons interested in the trust or the income therefrom.  No Administrative Trustee acting hereunder shall be responsible for any reasonable error of judgment or mistake of fact or law made in good faith.

(c)    Any Administrative Trustee shall be liable hereunder only for such Administrative Trustee's willful misconduct proved in the court then having primary jurisdiction over the trust.  No Administrative Trustee shall be personally liable for making any delegation that is authorized under this Declaration of Trust, nor for any action taken without the Administrative Trustee's express agreement, nor for any failure to act absent willful misconduct.  No Administrative Trustee shall be liable for relying absolutely on (i) any apparently valid documents and certifications including, but not limited to, tax reports and other tax information provided to such Administrative Trustee by any entity in which the trust estate holds an ownership interest; and (ii) the opinions of counsel or any accountant to any trust.

(d)    The Administrative Trustee shall be under no duty to inform any person, other than the Primary Beneficiary of each trust hereunder, having a beneficial interest in any trust created hereunder of the existence of such trust or the nature and extent of that person's beneficial interest in, or rights with respect to, any such trust.

MBNY114683

(e)    While not required, the same procedure used to settle the Administrative Trustee's accounts may also be employed to obtain the conclusive consent by the beneficiaries to the Administrative Trustee's specific conduct of any other particular matter.    The Administrative Trustee and each former Administrative Trustee shall be indemnified and held harmless by each trust created hereunder against any threatened, pending or completed action, claim, demand, suit or proceeding, whether civil, criminal, administrative or investigative, falling within the exculpatory provisions of this paragraph (2) or to which the Administrative Trustee is made a party, or threatened to be made a party, by reason of serving as Administrative Trustee if the Administrative Trustee acted in good faith. Such indemnification shall include expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually incurred by the Administrative Trustee in connection with such action, claim, demand, suit or proceeding.  The cost of indemnification shall be apportioned against the various trusts created hereunder as the Trustee reasonably considers appropriate, taking into account the nature of the claims involved.

(f)    The Administrative Trustee shall not have any fiduciary responsibility to observe, monitor or evaluate the actions of any other trustee, investment advisor, or other fiduciary and shall not be liable to any party for the failure to seek to attempt to prevent a breach of trust, or failure to remedy a breach of trust, or in a recurring situation to request instructions from a court having jurisdiction over the trust.  In no event shall any Administrative Trustee hereunder be liable for any matter with respect to which he, she or it is not authorized to participate hereunder (including the duty to review or monitor trust investments).

ARTICLE IV.

(1)    SUCCESSOR TRUSTEES:

(a)    If Dana Eric Friedman shall cease to serve as Individual Trustee, George W. Adams III, of Stratford, Connecticut, shall serve as successor Individual Trustee hereunder.

(b)    With respect to any trust created hereunder, the Primary Beneficiary in respect of whom such trust was so set apart who has attained the age of twenty-one (21) years, shall have the power to remove any Trustee of such trust and to appoint a successor Individual Trustee or Administrative Trustee, as the case may be, and to appoint additional Individual Trustees or Administrative Trustees; provided, however, that this power shall be exercisable no more often than once every two (2) years.  Notwithstanding the foregoing, any successor or additional Trustee appointed as hereinabove provided shall not be a related or subordinate party in relation to the Primary Beneficiary within the meaning of Section 672(c) of the Internal Revenue Code of 1986, as amended, or any successor legislation thereto (the "Code").  If any Trustee ceases to act, the Primary Beneficiary may appoint a successor Trustee, either simultaneously with or in advance of said Trustee ceasing to act.  In

MBNY114684

the event there is no Individual Trustee acting for a period of fourteen (14) days, the Primary Beneficiary of such trust shall appoint a successor Individual Trustee.

        (c)    Said removals and appointments shall be made by delivering instruments signed and acknowledged by the appointing or removing individuals to the Trustees then serving, where applicable, and to the newly appointed Trustee, who shall signify acceptance of appointment in writing. Notwithstanding the foregoing, whenever a trust comes into existence, the then serving Trustees of the trust from which the property of such new trust was transferred shall become the Trustees of such new trust without need for any such appointment.

    (2)    NON-INDEPENDENT TRUSTEES:

        (a)    With respect to any trust created hereunder, the initial Individual Trustee hereunder or the successor or additional Individual Trustee appointed in accordance with the foregoing paragraph (1) while serving may, but need not, appoint a member of the Primary Beneficiary's family, including, without limitation, the Primary Beneficiary with reference to whom such trust was created, as an Individual Trustee (a "Non-Independent Trustee") of such Primary Beneficiary's trust, if such individual has attained twenty-one (21) years of age. In the event that any such individual has not attained twenty-one (21) years of age, such then serving Individual Trustee may, but need not, appoint one or more Non-Independent Trustees of such trust, to serve until such time as such individual has attained twenty-one (21) years of age, and at such time any then serving Non-Independent Trustee shall cease to serve and the then serving Individual Trustee shall appoint such individual as Non-Independent Trustee of such trust. In the event that any serving Non-Independent Trustee of any trust created hereunder ceases to act, the then serving Individual Trustee may, but need not, appoint one or more successor Non-Independent Trustees of such trust and may appoint additional Non-Independent Trustees.

        (b)    Said appointments shall be made by delivering instruments in writing, executed in duplicate, one copy to the then serving Non-Independent Trustee, where applicable, and one copy to the successor Non-Independent Trustee, signed and acknowledged by the then serving Individual Trustee.

    (3)    COURT APPOINTMENT: Any of the aforesaid appointments and/or removals shall be made without court action or approval. However, in the event that no successor Trustee of a trust is appointed within sixty (60) days after the removal or resignation of the Trustee then serving, any interested party may make application to a court of appropriate jurisdiction to appoint a successor Trustee.

532666.6.

7.

ARTICLE V.

COMMON DISASTER: If any beneficiary hereunder who would take upon the death of another beneficiary should die under such circumstances that the order of their deaths cannot be established by proof, it shall be conclusively presumed for all purposes of this Declaration of Trust that such beneficiary who would so take predeceased such other beneficiary.

ARTICLE VI.

INVESTMENT ADVISOR TO DIRECT INVESTMENTS: Michael Belfonti is hereby appointed as the Investment Advisor. The Investment Advisor shall have the sole authority and responsibility for all investment decisions and shall direct the Trustees in writing as to the retention, purchase, sale, disposition, exchange, tender, change in character, lending, borrowing, pledging, mortgaging managing, voting, leasing, granting of options with respect to, insuring, abandoning, or other transactions in any other way affecting the ownership of the assets held in any trust hereunder, and the Trustees shall only act in accordance with such direction.

The Trustees shall have no responsibility for the quality or performance of any investments held by them pursuant to the directions of the Investment Advisor, to review periodically any such investments, to make any recommendation to the Investment Advisor or to anyone else with regard to any such investments or to call to the attention of any judicial body or any person to matters relating to the respective trust. In accordance with Section 3313(b) of Title 12 of the Delaware Code, the Trustees shall not be liable or responsible in any manner whatsoever to any person interested in any trust under this Declaration of Trust for any losses to the Trust Property by reason of purchases, sales, investments, or reinvestments of any assets of the Trust Property by the Trustees pursuant to the directions given by any Investment Advisor appointed hereunder, except in cases of the Trustees' own willful misconduct. Further, in accordance with Section 3313(b) of Title 12 of the Delaware Code, the Trustees shall not be liable or responsible in any manner whatsoever to any person interested in any trust under this Declaration of Trust for any losses to the Trust Property by reason of failing to make purchases, sales, investments, or reinvestments of any assets of the Trust Property as a result of the lack of directions from any Investment Advisor appointed hereunder, except in cases of the Trustees' own willful misconduct.

The Investment Advisor shall have the right to resign at any time upon thirty (30) days written notice to the Trustees. In the event of such resignation, a successor Investment Advisor may be appointed by the Individual Trustee (other than such Trustee), or, if he shall fail to make such appointment, by a majority of the income beneficiaries, or, in the event that any of such beneficiaries are minors, a majority of adult income beneficiaries and the respective guardians or personal representatives of such minor beneficiaries.

MBNY114686

The Investment Advisor may be removed at any time, with or without cause, by the Individual Trustee. Written notice of such removal shall be delivered to the Investment Advisor. A successor Investment Advisor may be appointed by the Individual Trustee, or, if he shall fail to make such appointment, by a majority of the income beneficiaries, or, in the event that any of such beneficiaries are minors, a majority of adult income beneficiaries and the respective guardians or personal representatives of such minor beneficiaries.

In the event of the resignation, removal, incapacity or death ("terminating event") of any Investment Advisor, if a majority of the persons authorized above to appoint a successor Investment Advisor determine within thirty (30) days of a terminating event to leave the office of Investment Advisor vacant, or if for any reason the office is vacant !!then the Individual Trustee shall have full authority to make all investment decisions.

ARTICLE VII.

POWER IN TRUST:  The whole or any part of the income or principal payable hereunder to any minor, or to any other person who in the opinion of the Individual Trustee is incapacitated through illness, age or other cause, may be applied by the Individual Trustee in his discretion for such beneficiary's comfort, maintenance, support or education. Any such application may be made at such time and in such manner as the Individual Trustee deems advisable, whether by direct payment of such beneficiary's expenses or by payment to a person selected by the Individual Trustee to receive payment for such beneficiary. In each case the receipt of such beneficiary, or other person to whom payment is made or entrusted, shall be a complete discharge of the Trustees in respect thereof. Whenever any payment hereunder is required to be made to a minor, the interest so required to be paid shall be indefeasibly vested in the minor, but the Trustees may retain the amount payable until the minor attains his majority or dies, whichever first occurs, and the Trustees may pay the income and principal to the minor in such amount or amounts and at such times as the Individual Trustee may determine. If the minor lives to attain his majority, the Trustees shall pay the then remaining principal and undistributed income to him upon the attainment of his majority. If the minor dies before attaining his majority, the Trustees shall pay the then remaining principal and undistributed income to the minor's estate upon the minor's death.

ARTICLE VIII.

RULE AGAINST PERPETUITIES:  Unless sooner terminated pursuant to the provisions of this Declaration of Trust, any trust created hereunder shall be perpetual to the fullest extent permitted by applicable law. If any trust created hereunder is deemed to be subject to the law of a jurisdiction that has a rule against perpetuities or similar rule which limits the period during which property can be held in trust, then such trust shall terminate in all events upon the expiration of the longest period that property may be held in trust under this Declaration of Trust under the law of such jurisdiction (including any applicable

MBNY114687

period in gross, such as 21 years, 90 years or 110 years); provided, however, that if the jurisdiction has a rule against perpetuities or similar rule which applies only to certain types of property, such as real property, the provisions of this Article shall apply only to such property. If under the law of such jurisdiction the longest period that property may be held in trust may be determined (or alternatively determined) with reference to the death of the last survivor of a group of individuals in being upon the date of execution of this Declaration of Trust, those individuals shall consist of all of the descendants of His Late Majesty King George V of England and all of the lineal descendants of Constance E. Belfonti and Richard Belfonti who were in being on the date of execution of this Declaration of Trust. Upon termination of a trust pursuant to the provisions of this Article, the then principal of such trust shall be transferred, paid over and distributed to the Primary Beneficiary of such trust.

Notwithstanding anything to the contrary contained in this Declaration of Trust, if any property held hereunder is received from another trust subject to a rule against perpetuities, such property shall be held as a separate subtrust hereunder subject to the rule against perpetuities as set forth in the originating trust.

## ARTICLE IX.

POWERS OF TRUSTEE: In the administration of the trusts established herein, subject to the provisions of Article VI hereof, the Trustees shall have the following powers, duties, and discretions, in addition to those now or hereafter conferred by law, to be exercised in the Individual Trustee's absolute discretion in any capacity to which such powers may be applicable without authorization by any court:

(1)     ORIGINAL PROPERTY:  To retain and hold any of the original property received at any time from any person or trust regardless of the character of such property, or whether it is such as then would be authorized by law for investment by the Individual Trustee when it becomes a part of the trusts, and to retain it as part of the trusts, whether it leaves a disproportionately large part of the trusts invested in one type of property, for such time as the Individual Trustee shall deem best, and to dispose of such property by sale, exchange, or otherwise, as and when he shall deem advisable;

(2)     INVEST IN PROPERTY:  To invest and reinvest the funds of the trusts in property of any kind, domestic or foreign, real, personal, mixed, or choses in action, and including but not limited to bank accounts, stocks, bonds, notes, commodities, precious metals, mutual funds, common trust funds, coins and currency, by any method including but not limited to puts, calls, strips, straddles, short sales, futures, margin or by the exercise of options of any sort irrespective of any statute, case rule, or custom limiting the investment of trust funds, and to retain the same for such periods of time as the Individual Trustee shall deem advisable, and to purchase life insurance on the life of any beneficiary, or his or her spouse;

MBNY114688

(3)    BUSINESS:  To continue and to operate any business or businesses or investment therein passing hereunder for such time as the Individual Trustee deems advisable; to engage in any other business; to become and remain a partner, general or limited, in any business; to incorporate any such business and hold the stock thereof as an investment; and to provide capital for and employ agents to manage and operate any such business, without the liability for the acts of any such agent, or for any loss, liability, or indebtedness resulting from the operation thereof;

(4)    SALE OF PROPERTY TO OTHER TRUSTS:  To sell property to or exchange property with the trustees of any trusts Constance E. Belfonti or Richard Belfonti created during their respective lifetimes or in their respective Last Wills and Testaments, upon such terms and conditions as to sales, prices, and terms of payment as shall be agreed upon by the Individual Trustee; and the Trustees shall not be responsible for following the proceeds of such sale or exchange;

(5)    BROAD POWER TO SELL PROPERTY:  To sell (at public or private sale, without application to any court) or otherwise dispose of any property, real or personal, for cash or upon credit, in such manner and on such terms and conditions as the Individual Trustee may deem best, and no person dealing with him shall be bound to see to the application of the proceeds of such sale; and without limiting the generality of the foregoing, if it becomes advisable at any time in order to sell any securities held by the Trustees, to register the same under the Securities Act of 1933 or any similar Federal law or to register or qualify any such securities for sale under state securities law, to do all acts which the Individual Trustee may deem advisable for that purpose, including but without limitation, to enter into any agreements with underwriters and with the corporation the securities of which are being sold, as the Individual Trustee shall deem advisable, to make such representations and warranties, assume such obligations and engage in such undertakings of indemnity as the Individual Trustee may deem proper (or to make such other arrangements concerning the same, including without limitation the purchase of an insurance policy or policies, charging the cost thereof to the principal of the trusts), to create escrows, to enter into custody agreements, and in any case in which it becomes advisable for the Individual Trustee to enter into any agreement containing representations or undertakings which, but for qualifying terms of the agreement, would render him personally liable therefor, at his option, to enter into and execute any such agreement in his official capacity only and not individually, in which case, if the terms of the applicable agreements so provide, the representations and undertakings shall be binding upon the trusts, but shall not be binding upon him personally; and, further, without limiting the generality of any of the foregoing, the Individual Trustee is expressly authorized, if and to the extent he deems it advisable under any provisions of the Federal tax statutes, to deliver any part of any securities which he may hold to the issuing company for redemption against payment of a redemption price satisfactory to the Individual Trustee and upon terms approved by him;

(6)    GENERAL POWER TO BORROW:  To borrow money and to guarantee the repayment of indebtedness of another, for such periods of time and upon such terms and conditions as to

MBNY114689

rates, maturities, renewals, and security as to the Individual Trustee shall seem advisable, including the power to borrow from the Individual Trustee himself, and to mortgage, pledge or encumber such portion of Constance E. Belfonti's or Richard Belfonti's estates when it becomes a part of the trusts as may be required to secure any loan(s) or indebtedness, and as makers, endorsers or guarantors to renew existing loans or guarantees;

        (7)     POWER TO HANDLE MORTGAGES, ETC.:  In the discretion of the Individual Trustee, to consent to the subordination, modification, renewal, or extension of any debenture, note, bond, mortgage, open account indebtedness, or other obligation, whether or not secured or evidenced by any writing, or of any other term or provision thereof, or of any guarantee thereof, or to the release of such guarantee; to foreclose mortgages and bid on property under foreclosure, or to take title to property by conveyances in lieu of foreclosure, either with or without payment of consideration; to continue mortgage investments after maturity, either with or without renewal or extension, upon such terms and conditions as the Individual Trustee shall deem advisable; to release obligors on bonds secured by mortgages, or obligors on other obligations, or to refrain from instituting suits or actions against such obligors for deficiencies; to use such part of the property held by them as the Individual Trustee shall deem advisable for the protection of any investment in real or personal property, or any investment in any mortgage or pledge on real or personal property;

        (8)     POWER TO HOLD CASH:  To hold all or any part of the Trust Property uninvested for such period of time as the Individual Trustee shall deem advisable;

        (9)     POWER TO MANAGE OR DISPOSE OF PROPERTY:  In the discretion of the Individual Trustee, to manage, maintain, improve, develop, lease for any term (whether or not extending beyond the term of the trusts created herein, or the term fixed by any law), mortgage, subdivide, partition, or otherwise dispose of any real or personal property, or any interest therein; to make alterations in any buildings located on such property, or to demolish the same; to construct new buildings, all in such manner and upon such terms and conditions as the Individual Trustee shall deem advisable; and to enter into contracts with respect to any of the foregoing;

        (10)    GENERAL POWER TO HOLD PROPERTY IN ANYONE'S NAME:  To hold any and all stocks, bonds, notes, mortgages, or other property in bearer form, in the Individual Trustee's own name or in the name of his duly appointed nominee, with or without disclosing the fiduciary relationship, and his liability shall be neither increased nor decreased thereby;

        (11)    VOTING OF STOCK:  To refrain from voting or to vote shares of stock owned by the trusts at stockholders' meetings, in person, or by special, limited, or general proxy, with or without power of substitution, as to the Individual Trustee shall seem best;

532666.6.                                                                                                                  12.

MBNY114690

(12)   GENERAL POWER TO EXERCISE STOCK OPTIONS AND PRIVILEGES: In the discretion of the Individual Trustee, to exercise all options, rights, and privileges to convert stocks, bonds, notes, mortgages, or other property into other stocks, bonds, notes, mortgages, or other property; to subscribe for additional or other stocks, bonds, notes, mortgages, or other property; to make such conversions and subscriptions and to make payments thereof, and to hold such stocks, bonds, notes, mortgages, or other property so acquired as investments of the trusts;

(13)   POWER TO GRANT OPTIONS:  To grant options at such times, in such manner, and upon such terms and conditions as the Individual Trustee shall deem advisable in connection with the exercise of any of the rights, duties, powers, and authority given to the Trustees by this Declaration of Trust;

(14)   GENERAL POWER TO PARTICIPATE IN A REORGANIZATION OR MERGER: In the discretion of the Individual Trustee, to unite with other owners of property similar to any which may be held at any time in the trusts in carrying out any plan for the consolidation or merger, dissolution or liquidation, foreclosure, lease, sale of property, incorporation or reincorporation, reorganization or readjustment of the capital or financial structure of any corporation, company, or association, the securities of which may form a part of the trusts; to become and serve as a member of stockholders' or bondholders' protective committees; to present propositions; to oppose propositions presented; to approve or disapprove what is discussed, and protest against any matter or thing which he might consider contrary to the best interest of the trusts; to deposit securities in accordance with any plan agreed upon; to pay any assessments, expenses, and sums of money that may be required for the protection or furtherance of the interests of the beneficiaries of the trusts with reference to any such plan; and to receive and retain as investments of the trusts any new securities issued as a result of the execution of such plan, whether or not they would be authorized investments but for this provision;

(15)   TRUSTEE MAY SERVE BUSINESS ENTITY OWNED BY TRUSTS:  In the event that any person acting as Individual Trustee hereunder shall also hold any managerial position (including but not limited to officer, director, manager or partner) of any corporation, partnership, limited liability company or other business entity in which said trusts may own stock, securities or other investment interest, he may act in such managerial position and receive compensation therefor in the same manner as if he were not a Trustee hereunder, and he shall not be disqualified from voting for his election to such office or position as a member of the Board of Directors by reason thereof;

(16)   SETTLEMENT OF CLAIMS:  To compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the trusts as the Individual Trustee shall deem best, and his decision shall be conclusive;

(17)   POWER TO ABANDON PROPERTY:  To abandon any property, real or personal, which the Individual Trustee shall deem to be worthless or not of sufficient value to warrant

MBNY114691

keeping or protecting; in the discretion of the Individual Trustee, to abstain from payment of taxes, liens, water-rents, assessments, repairs, maintenance, or upkeep of any such property; to permit any such property to be lost by tax sale or other proceedings; or to convey any such property for a nominal consideration, or without consideration;

(18)     TO DIVIDE AND DISTRIBUTE PROPERTY: In the discretion of the Individual Trustee, to make any division, distribution, or partition of property, in cash or otherwise; to make non-pro rata distributions in kind which may yield differing income tax consequences for beneficiaries; and to allot any property, including an undivided interest therein, into any trust or share, whether or not the same or a different kind of property is allotted to other trusts or shares except as specifically provided otherwise in this Declaration of Trust. Except as may be specifically provided otherwise in this Declaration of Trust, valuation of property divided, distributed, or apportioned by the Trustees shall be at the fair market value of such property, which shall be determined by the Individual Trustee in the exercise of his absolute discretion;

(19)     NO REQUIREMENT FOR PHYSICAL SEPARATION OF PROPERTY: In any case in which the Trustees are required or permitted to divide any property held hereunder into trusts or shares, they shall not be required physically to divide any of the investments or other property, but may keep the same or any part thereof in one fund in which the separate and distinct trust and share shall have an undivided interest;

(20)     EMPLOY AGENTS, ETC.: In the discretion of the Individual Trustee, to employ attorneys, accountants, auditors, investment counselors, other experts, depositories, and proxies, with or without discretionary powers, and whether or not such person may be serving as Trustee hereunder, and, in the event a person serving as Trustee hereunder is so employed, to receive compensation therefor in the same manner as if he were not a Trustee hereunder; to appoint by irrevocable powers of attorney or otherwise, agents and attorneys-in-fact to act for him in the administration of the trusts, and, with respect to any stock or securities held by the trusts, (a) to authorize such agents and attorneys-in-fact to sell part or all of such stock or securities held by the trusts to underwriters for distribution in a public offering at such price as such agents or attorneys-in-fact shall determine, but not less than the price to be paid by such underwriters to other holders of stock or securities of such corporation selling such stock to such underwriters, if any; (b) to authorize such agents and attorneys-in-fact to execute and deliver an underwriting agreement on behalf of the trusts regarding such stock or securities, containing such terms and conditions as said agents and attorneys-in-fact shall determine; and (c) to do any and all other things, and to execute and deliver any and all other instruments, agreements or documents of any nature whatsoever, on behalf of the trusts, which, in the sole discretion of such agents and attorneys-in-fact, may appear necessary or desirable to effect the sale of such stock or securities to underwriters;

MBNY114692

(21)     ALLOCATION OF RECEIPTS AND DISBURSEMENTS:  In the discretion of the Individual Trustee, to pay as income the whole of the interest, dividends, rent or similar receipts from property, whether wasting or not and although bought or taken at a value above par; but if the Individual Trustee sees fit, when property is bought or taken at a value above par, the Trustees may retain a portion of the income to offset such loss to the principal; to treat as income or principal or to apportion between income and principal stock dividends, extra dividends, rights to take stock or securities, and proceeds from the sale of real estate, although such real estate may have been wholly or partly unproductive; to charge to income or to principal or to apportion between income and principal investment counsel's compensation, custodians' compensation, brokers' commissions, agents' compensation, attorneys' fees, insurance premiums, repairs or improvements, taxes (income, estate, inheritance or any other taxes), depreciation charges and trustees' compensation; and generally to determine all questions as between income and principal and to credit or charge to income or principal, or to apportion between income and principal any receipt or gain and any charge, disbursement or loss as is deemed advisable in the circumstances of each case as it arises, notwithstanding any statute or rule of law for distinguishing income from principal or any determination of the courts; and to select an annual or any other accounting period.  The Individual Trustee shall notify the Administrative Trustee of any allocation or apportionment he shall make in his discretion pursuant to this paragraph;

(22)     TRANSACTIONS WITH OTHER TRUSTEES:  To enter into any transaction authorized by this Declaration of Trust, or by law, with the trustee or legal representative of any other trust or estate in which any beneficiary hereunder has a beneficial interest, even though any such trustee or legal representative is also a Trustee hereunder;

(23)     EXECUTION OF INSTRUMENTS:  The Trustees may execute and deliver any written instrument which the Individual Trustee deems advisable to carry out any power granted to him.  All persons shall be fully protected in relying upon the power of the Trustees to execute every such instrument, and no one shall be obligated to see to the application by the Trustees of any money or property received by him pursuant to the execution and delivery of any such instrument;

(24)     AUTHORITY TO POSTPONE AND COMPROMISE TAX PAYMENTS:  The Individual Trustee may, in his discretion, arrange for extensions of time for the payment of estate and inheritance taxes where payable from the Trust Property; or may postpone the payment of such taxes upon future interests until the time possession thereof accrues to the beneficiary or beneficiaries.  The Individual Trustee may, in his discretion, compromise any tax assessed against the Trust;

(25)     FLUCTUATION IN ASSETS:  Except as specifically required elsewhere in this Declaration of Trust, the Trustees shall not be required to make any provision on account of the diminution or increase in value of any securities or investments at any time constituting a part of any of the trusts hereby established, or for depreciation in respect of any tangible property, or for the purpose of

MBNY114693

amortizing or making good any amounts paid in premiums on the purchase of securities or of any other property;

(26)    POWER TO DETERMINE DISTRIBUTEES: The Individual Trustee may, in his discretion, determine who are the distributees of any trusts created herein, and in so doing act upon such information as on reasonable inquiry he may deem reliable with respect to heirship, relationship, survivorship, identity, or any other fact relating to such distributees;

(27)    CUSTODY OF PROPERTY: The Trustees or their designated agents shall have sole custody of the assets of the trust and may solely perform all ministerial duties;

(28)    CUSTODIAN AGREEMENTS: In the discretion of the Individual Trustee, to enter into custodian or custody agreements regarding any property of the trusts providing for the delivery of such property to a custodian for the purposes described therein and which, in the case of any stock or securities held by the trusts being sold to underwriters, (a) may be irrevocable; (b) may provide that such stock or securities shall be dealt with in accordance with the instructions of the Individual Trustee or any agent or attorney-in-fact appointed by the Individual Trustee; (c) may provide that pursuant to such instructions the custodian shall deliver the certificates representing such shares for transfer, shall deliver certificates representing such shares to the person or persons purchasing such shares, and shall reimburse expenses paid by the custodian from the proceeds of the sale of such stock or securities; and (d) may provide such other powers and limitations upon powers of the custodian as the Individual Trustee in his sole discretion shall determine;

(29)    MANAGEMENT OF REAL ESTATE:  In the discretion of the Individual Trustee, to acquire, improve, manage, protect, develop and make additions to, exchange and abandon any real property or any interest therein; to subdivide and resubdivide any real property; to lease or sublease any such property or part thereof, upon such terms and conditions, including options to renew or purchase, and for such period or periods of time as the Individual Trustee deems advisable, although such period or periods may extend beyond the duration of any trust; to make, modify, renew or extend leases and subleases as lessor or lessee; to grant and create easements and release, convey, or assign any right, title or interest with respect to any easement on real property or part thereof and enter into party wall agreements; and to deal with any such property and every part thereof in all other ways and for such other purposes or considerations as would be lawful for any person owning the same;

(30)    USE OF PROPERTY BY BENEFICIARY:  To permit, in the Individual Trustee's discretion, any beneficiary of any trust created herein to have the use, possession, and enjoyment, without charge, of any real estate or tangible personal property held for the benefit of such beneficiary hereunder so long as he is alive, and if he dies before his right to said property becomes absolute or before said property is distributed to him, neither he nor his estate shall be held liable for any loss, destruction, damage, depreciation or waste of said property except through his willful acts or gross

MBNY114694

neglect.  Neither the existence nor exercise of this power shall be deemed a constructive or actual distribution of the property to which it relates;

(31)    INVESTMENT RESTRICTIONS WAIVED:  The Individual Trustee may, in the exercise of his absolute discretion, invest in any type of property, wherever located, including any type of security or option, improved or unimproved real property, and tangible or intangible personal property, and in any manner, including direct purchase, joint ventures, partnerships, limited partnerships, corporations, mutual funds or any other form of participation or ownership whatsoever.  In making investments, the Individual Trustee may disregard all of the following factors:

(a)    whether a particular investment, or the trust investments collectively, will produce a reasonable rate of return or result in the preservation of principal, with the intention that the Individual Trustee shall be under no duty to invest assets to produce a reasonable rate of return or to preserve principal shall exist;

(b)    whether the acquisition or retention of a particular investment or the trust investments collectively are consistent with any duty of impartiality as to the different beneficiaries, with the intention that no such duty shall exist;

(c)    whether the trust is diversified, with the intention that no duty to diversify shall exist; and

(d)    whether any or all of the trust's investments would be prohibited under the prudent investor rule or any similar rule or traditionally be classified as too risky or speculative for trusts; the entire trust may be so invested, with the intention that the Individual Trustee shall have sole discretion in determining what constitutes acceptable risk and what constitutes proper investment strategy;

(32)    PRESERVATION OF GST EXEMPTION:  In the discretion of the Individual Trustee, to divide or allocate the property held in any trust, or to be allocated to any trust, created hereunder which would otherwise have an inclusion ratio, as defined in Section 2642(a)(1) of the Code, of neither one nor zero into two separate trusts, or between two separate trusts whether or not established pursuant to this power, each of which shall have a fractional share of the property being divided, in such amounts and values so that one has an inclusion ratio of one and the other has an inclusion ratio of zero. After any such division, each such trust shall remain segregated and shall be maintained in all respects as a separate trust, but both shall otherwise be administered pursuant to the same provisions of the Article under which all of the property would have been held but for the exercise of the power contained in this paragraph.  Notwithstanding anything else contained in this Declaration of Trust, any power granted to the Trustees shall be null, void and without effect to the extent that the exercise thereof or the right so

MBNY114695

to exercise the same would cause a trust which would otherwise have an inclusion ratio, as previously defined, of zero, to have an inclusion ratio greater than zero;

(33)     PRESERVATION OF S CORPORATION STATUS; ESBT ELECTION:  At any time that any trust created hereunder holds stock in any corporation which has elected to be treated as an S Corporation, as defined in Section 1361(a) of the Code (an "S Corporation"), the Trustees shall have the power to exercise the right of election specified in Section 1361(e)(3) of the Code; provided, however, that the decision whether or not to exercise such right of election shall be made by the Individual Trustee alone.  The Individual Trustee is also authorized and empowered to make such amendments to such trust as he may, from time to time, in his discretion, deem necessary for any trust's continued qualification as a permitted shareholder, as provided in Section 1361(c) of the Code.   Any such amendment of this Declaration of Trust shall be by an instrument in writing, signed by the Individual Trustee and delivered by him to each income beneficiary of each such trust so amended.   Notwithstanding the foregoing, any power granted to the Trustees hereunder to the extent that the exercise thereof or the right so to exercise the same would cause any qualified Subchapter S trust to cease to qualify as such shall be null, void and without effect;

(34)     ADMINISTRATIVE AND TECHNICAL AMENDMENTS:  The Individual Trustee may amend the administrative and technical provisions of any trust under this Declaration of Trust at any time as the Individual Trustee deems appropriate for the proper administration of the trust, by acknowledged written instrument, with a copy delivered to the trustees of the trust created under The Constance E. Belfonti Irrevocable Trust Indenture, dated the 15th day of December 1995, and the Primary Beneficiary of such trust.  The Individual Trustee must provide written notice to the Administrative Trustee of any amendment which affects the powers, rights, responsibilities and/or obligations of the Administrative Trustee.  The Administrative Trustee shall not unreasonably withhold consent to any such amendment.  The authority to amend pursuant to this paragraph may not be exercised in any manner that would alter any beneficial interest in any trust or that would disqualify any trust under this Declaration of Trust for an income or transfer tax deduction or exclusion for which it would otherwise qualify.   In exercising this authority to amend, the Individual Trustee shall bear in mind the purpose for which the trusts hereunder are being established.

(35)     ENVIRONMENTAL ISSUES:  In the discretion of the Individual Trustee, to disclaim any interest in any entity or property which is or may be contaminated by, or which directly owns or otherwise has an interest in any property which is or may be contaminated by, any substance defined as hazardous or toxic or otherwise regulated by federal, state or local law, rule or regulation relating to the protection of the environment or human health ("Hazardous Property"); to refuse any addition of Hazardous Property to Trust Property because of actual or potential contamination of such Hazardous Property by hazardous substances or other environmental concerns respecting such Hazardous Property; to deal with matters involving the actual or threatened contamination of Trust Property (including any

MBNY114696

Trust Property consisting of any interest in any entity and any assets owned by any entity) by hazardous substances, or involving compliance with any federal, state or local environmental law, rule or regulation, including but not limited to the power to:

(a)    inspect, assess, test and monitor Trust Property periodically, as the Individual Trustee deems necessary, to determine compliance with any such environmental law affecting the Trust Property, with all expenses of such inspection, assessment, testing and monitoring to be chargeable to and payable from Trust Property;

(b)    respond (or take any other action necessary to prevent, abate, or "clean up"), as the Individual Trustee shall deem necessary, either prior to or after the initiation of enforcement action by any governmental body or any action by a third party arising out of environmental claims, to any actual or threatened violation of any such environmental law affecting the Trust Property, the cost of which shall be chargeable to and payable from Trust Property;

(c)    settle or compromise at any time any claim against a trust relating to any such matter asserted by or threatened to be asserted by any governmental body or private party; and

(d)    disclaim any power which the Individual Trustee shall determine may cause the Trustees to incur personal liability as a result of any such matter, whether such power is set forth in this Declaration of Trust, incorporated by reference herein, or granted or implied by any statute or rule of law.

In addition, the Trustees shall not be personally liable to any beneficiary or other party interested in the Trust Property or to any third parties, for any claim against a trust for the diminution in value of Trust Property resulting from such matters, or for any damages of any type or nature arising out of or related to environmental matters, including any reporting of or response to the contamination of Trust Property by hazardous substances, or for violation of any federal, state or local environmental law, rule or regulation relating to any trust.

Nothing contained herein shall be deemed to limit or diminish the Trustees' right, both individually and as Trustee, to seek reimbursement, indemnity or contribution against any other party to the fullest extent allowed by law for any damages of any nature arising out of environmental matters, or to seek any remedy pertaining to environmental matters, both legal and equitable.

The Trustees shall be entitled to indemnification from all costs, fees, and expenses incurred by the Trustees in relation to environmental matters. The Trustees shall further have the right to pay for all such costs, fees, and expenses directly out of trust assets in the first instance, without having to advance any funds of their own, and shall additionally have the right to sell any or all of the trust assets, and to apply the proceeds thereof to such costs, fees and expenses, even if such application exhausts all other assets of the trust. In the event that the Trustees shall pay any such costs, fees, or expenses out of

532666.6.

19.

MBNY114697

their own assets, they shall have a lien on the Trust Property for reimbursement of said sums, and the right by appropriate action to sell Trust Property to enforce such right.

(36)    GENERAL POWERS: To exercise every power and discretion not specifically granted herein in the management of the trusts created hereunder as the Trustees would have if they were the absolute owners thereof.  This general power shall not be limited in any way by the powers herein granted.

ARTICLE X.

PROVISIONS RELATING TO TRUSTEE:  The following provisions, in addition to all others herein, shall apply to the Individual Trustee and where so indicated, to the Administrative Trustee, and his or its duly appointed successors to the extent permitted by law:

(1)    SUCCESSOR TRUSTEES:    Every successor Individual Trustee and Administrative Trustee shall have all title, powers, and discretion herein given to the succeeded Individual Trustee or Administrative Trustee, as the case may be, without act of conveyance or transfer.  Any corporation which shall succeed to the trust business of any corporate Trustee or Administrative Trustee while it is acting under this Declaration of Trust shall become a successor Trustee or Administrative Trustee without act of conveyance or transfer.

(2)    MERGER OF TRUSTEE:    In case of the merger or consolidation of a corporate trustee or Administrative Trustee hereunder, or the transfer of substantially all of the assets of such corporate trustee or Administrative Trustee to another corporation, the resulting or transferee company shall continue to serve hereunder without notice to any party.

(3)    SERVE WITHOUT BOND:  No Individual Trustee or Administrative Trustee hereunder shall be required to give any bond or security for the performance of his duties as such in any court or jurisdiction.

(4)    TO EXERCISE POWERS WITHOUT ORDER OF COURT:  The Individual Trustee and Administrative Trustee shall not be required to obtain the order or approval of any court in the exercise of any power or discretion herein given.

(5)    EXONERATION FROM LIABILITY:    Except for willful default or gross negligence, the Individual Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of his duties under this Declaration of Trust. The Administrative Trustee is excluded from the provisions of this paragraph and is indemnified as provided in Article III(2) hereof.

(6)    GENERAL AUTHORITY OF TRUSTEES:  No person or corporation dealing with the Individual Trustee or Administrative Trustee in any transactions affecting the Trust Property shall

MBNY114698

be required to inquire or investigate into his authority for entering into such transaction, or to see the application made by him of the proceeds of any such transaction.

(7)    POWER TO RESIGN:  Any Individual Trustee or Administrative Trustee acting hereunder may resign at any time without court application or approval by an instrument signed by such Trustee, and delivered to any other Trustee then acting, and also to the successor Trustee, if any, or if there are no such other Trustees or designated successor Trustees, to the Primary Beneficiary of such trust or his guardian if he is under twenty-one (21) years of age.

(8)    POWERS TO CONTINUE UNTIL PROPERTY DISTRIBUTION:  All of the rights, duties, powers, authorities, and immunities given to the Individual Trustee and Administrative Trustee by this Declaration of Trust shall continue after termination of the trusts created herein, and until the Individual Trustee or Administrative Trustee has made actual distribution of all property held by him hereunder.

(9)    POWER TO DELEGATE:  Any Individual Trustee or Administrative Trustee acting hereunder may delegate, at any time or from time to time, any or all of his or its rights, powers, duties, and authority to any other Individual Trustee or Administrative Trustee acting hereunder; provided however, that any such delegating instrument shall be revocable at any time.

(10)    EXONERATION FROM PERIODIC JUDICIAL ACCOUNTING:  The Individual Trustee and Administrative Trustee shall not be required to file any periodic judicial accounting with respect to any trust created herein, even though otherwise required by law, but this shall not prevent the Individual Trustee or Administrative Trustee from having his or its accounts judicially settled at any time or times if he or it should deem it advisable to do so.  The Individual Trustee or Administrative Trustee may, but shall not be required to unless requested in writing to do so by the Primary Beneficiary thereof, account annually or at more or less frequent intervals, as is convenient for the Individual Trustee or Administrative Trustee, with respect to each trust hereunder to the Primary Beneficiary of said trust (or to such beneficiary's guardian).  Any such accounting shall be deemed an account stated, accepted and approved by all of the beneficiaries of each trust for which an accounting is rendered, and the Individual Trustee or Administrative Trustee, as the case may be, shall be relieved and discharged as if such accounting had been settled and allowed by a final judgment or decree of a court of competent jurisdiction, unless protested by written notice to the Individual Trustee or Administrative Trustee, as the case may be, within ninety (90) days of receipt thereof by the person designated to receive such accounting; provided, however, that if an accounting, other than an amended accounting, is given to the Primary Beneficiary (or to his guardian) beyond a period of two (2) fiscal years, there shall be no deemed approval within (90) days of receipt thereof, as described above.

(11)    DUTY OF SUCCESSOR TRUSTEE TO INQUIRE:  No successor Individual Trustee or Administrative Trustee shall be liable or responsible for any losses or expenses resulting from

MBNY114699

or occasioned by anything done or neglected to be done in the administration of any trust created herein prior to becoming an Individual Trustee or Administrative Trustee, nor be required to inquire into or take any notice of the prior administration of the trust.

(12)     LEGAL COUNSEL:  The Individual Trustee or Administrative Trustee may consult with legal counsel (who may be counsel for the Individual Trustee or Administrative Trustee) with respect to the construction of the Declaration of Trust or his or its duties hereunder, or with respect to any legal proceeding or any question of law involving the Declaration of Trust, and shall be fully protected with respect to any action taken or omitted by them in good faith pursuant to the advice of such counsel.

(13)     APPROVAL REQUIRED FOR TRUSTEE'S ACTIONS:  The approval of a majority of the Individual Trustees in office shall be required to act in any matter affecting the trust, except when there are fewer than three Individual Trustees, in which case unanimous approval shall be required.

(14)     SERVICE OF PROCESS OR LEGAL NOTICES:  Service of process or other forms of legal notice given to an income beneficiary of any trust created hereunder who is not under a legal disability and who is the parent or grandparent of another income beneficiary of such trust who is under a legal disability or under the age of majority shall constitute legal notice to said disabled or minor income beneficiary, and no further service or notice shall be necessary.  If, in any accounting or other proceeding or in any nonjudicial settlement of any Individual Trustee's or Administrative Trustee's account, any party to such proceeding or settlement shall be a person under a disability, service of process in such proceeding shall not be required upon such person under a disability, or such person under a disability shall not be required to join in such settlement, if there is another person, not under a disability, who is a party to the proceeding or settlement and who has the same interest as the person under a disability.

(15)     TRUSTEE COMPENSATION:  Each Trustee who is an individual and an accountant, lawyer or other professional, shall be entitled to compensation for services rendered in such fiduciary capacity based on such professional's standard charges for such professional's services, and reimbursement for expenses incurred, and shall not be entitled to statutory or other scheduled or usual fiduciary fees.  Each Trustee who is an individual and not a professional shall be entitled to compensation and reimbursement on a similar basis and shall not be entitled to statutory or other scheduled or usual fiduciary fees.  A corporate trustee, including the Administrative Trustee, shall be entitled to such compensation as is agreed with the Individual Trustee from time to time, unless otherwise agreed.  In addition, any Trustee or Administrative Trustee shall be entitled to reimbursement for all expenses reasonably incurred in performing his, her or its duties hereunder.

MBNY114700

## ARTICLE XI.

PAYMENT, APPOINTMENT OR DISTRIBUTION TO ANOTHER TRUST: At any time that a Trustee or beneficiary of any trust created in this Declaration of Trust is empowered hereunder to make a payment, distribution or appointment of principal and/or income, during the term of said trust or upon its termination, such payment, distribution or appointment may be made to any other trust, whether or not such other trust is created under this Declaration of Trust or whether or not such other trust has multiple beneficiaries. However, such payment, distribution or appointment may be made to such other trust only if (i) all of the beneficiaries of such other trust are persons who would have been eligible to receive such payment, distribution or appointment had it been made outright and free of trust under this Declaration of Trust and (ii) such other trust shall not violate the rule against perpetuities as applicable to this trust as set forth in Article VIII hereof.

## ARTICLE XII.

LIMITATION OF POWERS: Notwithstanding anything herein contained to the contrary, no powers enumerated herein, or accorded to the Trustees generally pursuant to law, shall be construed to enable the Trustees, or any other person or trust, to purchase, exchange, or otherwise deal with or dispose of the principal or income of the Trust Property for less than an adequate or full consideration in money or money's worth, or to enable such person or trust to borrow the capital or income of the trust estate, directly or indirectly, without adequate interest and security. No person, other than the Trustees, shall have or exercise the power to vote or direct the voting of any stock or other securities of the trust, or to control the investments of the trust either by directing investments or reinvestments.

## ARTICLE XIII.

SPENDTHRIFT PROVISIONS: To the extent permitted by law, no beneficiary shall have any power to dispose of, control, interfere with, or charge by way of anticipation any interest given to him. All sums payable to any beneficiary shall be free and clear of his debts, contracts, dispositions and anticipation, and shall neither be taken, alienated, attached nor reached by any legal or equitable process in satisfaction thereof, nor shall a beneficiary's interest herein be subject to the control or interference of any of his creditors or of any government agency providing aid or benefits to him. Neither the creation of any trust under this Declaration of Trust nor any distribution of income or principal therefrom shall be deemed or considered to discharge or relieve any beneficiary from their obligation to support any dependent of theirs.

## ARTICLE XIV.

(1)    GOVERNING LAW: This Declaration of Trust has been accepted by the Trustees and shall be administered in accordance with the laws of the State of Delaware and its validity, construction and all rights hereunder shall be governed by the laws of the State of Delaware. The initial

MBNY114701

situs of the Trust Property shall be in the State of Delaware. The Individual Trustee may by a written instrument, signed and acknowledged by him, at any time and from time to time as he deems advisable in his absolute discretion, remove or decline to remove all or part of the trust assets or the situs of administration thereof, from one jurisdiction to another jurisdiction, anywhere in the world and elect that the law of such other jurisdiction shall thereafter govern the trust to such extent as may be necessary and appropriate, and thereupon the courts of such other jurisdiction shall have the power to effectuate the purposes of this Declaration of Trust to such extent. This power of removal shall be a continuing power which may be exercised any number of times, including for purposes of further removal or change of location of assets or situs of administration; provided, however, that the Individual Trustee shall consider the tax implications under the United States federal and state and any foreign laws prior to changing the situs of any trust hereunder.

(2)    SEVERABILITY:    If any provision of this Declaration of Trust, or the application of such provision to any person or circumstance, shall be held invalid or unenforceable, the remainder of this Declaration of Trust, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

ARTICLE XV.

IRREVOCABILITY:    Except as provided in Paragraph 34 of Article IX, this Declaration is irrevocable and none of the Trustees or any other person or trust shall have any right whatsoever to alter, amend or revoke any trust created under this Declaration, in whole or in part. Neither the creation of any trust hereunder nor any distribution of income or principal thereof shall be deemed or considered to discharge or relieve the Trustees, Constance E. Belfonti, Richard Belfonti, or any Primary Beneficiary from their obligation to support any dependent of theirs.

ARTICLE XVI.

DEFINITIONS -

(1)    LINEAL DESCENDANT; CHILD; GRANDCHILD:    The term "lineal descendant" used anywhere in this Declaration of Trust shall include the children and remoter issue of such person through all degrees whether legitimate, legitimated or adopted prior to age sixteen (16), including any of the aforesaid born, legitimated or adopted prior to age sixteen (16) at any time after the signing of this Declaration of Trust, but shall exclude any person who is himself illegitimate or adopted after age sixteen (16), and any person who is descended from such a person. The term "child" or "grandchild" shall include a child or grandchild of such person whether legitimate, legitimated or adopted prior to age sixteen (16), including a child or grandchild born, legitimated or adopted prior to age sixteen (16) at any time after the signing of this Declaration of Trust, but shall exclude any person who is himself illegitimate or adopted after age sixteen (16) and any person who is descended from such a person.

MBNY114702

(2)    INCOME BENEFICIARY:  The term "income beneficiary" used anywhere in this Declaration of Trust shall mean a person to whom the Trustees are either required or permitted to make distributions of income from the trust.

(3)    MAJORITY:  For purposes of this Declaration of Trust, a beneficiary shall be considered to have attained "majority" when he shall have attained the age at which he is entitled to the management for all purposes of his own affairs and would be bound generally by contracts entered into by him under the laws of the jurisdiction in which such beneficiary is then domiciled.

(4)    CHARITABLE ORGANIZATION:  The term "Charitable Organization" used anywhere in this Declaration of Trust shall mean an organization to which gifts shall be deductible for United States estate, gift and income tax purposes.

(5)    QUALIFYING SPOUSE:  The term "qualifying spouse" as used in this Declaration of Trust shall mean such spouse of a living beneficiary who is married to and living with such beneficiary as wife or husband and is not legally separated or divorced from such beneficiary at the time any particular distribution of income or principal shall be made by the Trustees.  In the case of a beneficiary who shall not then be living, "qualifying spouse" shall mean such spouse of such deceased beneficiary who was married to and living with such beneficiary as wife or husband and was not legally separated or divorced from such beneficiary at the time of his death.

## ARTICLE XVII.

USAGE:  Any word used in the singular or plural, and in the masculine, feminine or neuter, shall include the singular, plural, masculine, feminine and neuter.

[Remainder of Page Intentionally Left Blank]

MBNY114703

Draft 4/7/2006

ARTICLE XVIII.

ACCEPTANCE:  The Trustees do hereby accept this trust upon the terms set forth in this Declaration of Trust.

IN WITNESS WHEREOF, the Trustees have signed, sealed, and acknowledged this Declaration of Trust, in triplicate, the day and year first above written.

_____
DANA ERIC FRIEDMAN, Individual Trustee

IN THE PRESENCE OF:

COMMONWEALTH TRUST COMPANY,
Administrative Trustee

By: _____
Name: Peter A. Notty
Title: President

IN THE PRESENCE OF:

MBNY114704

Draft 4/7/2006

STATE OF _Connecticut_  )

                         ) ss _Milford_

COUNTY OF _New Haven_  )

        Subscribed, sworn and acknowledged before me by DANA ERIC FRIEDMAN, as Individual Trustee, on this _10th_ day of _April_____ , 2006.

                         _Heidi A Madura_
                            NOTARY PUBLIC
                     _Heidi A. Madura_
                     _my comm.exp. 12/31/06_

STATE OF _Delaware_  )

                  ) ss

COUNTY OF _New Castle_  )

        Subscribed, sworn and acknowledged before me by _Peter A. Herts_ , of COMMONWEALTH TRUST COMPANY, as Administrative Trustee, on this _17th_ day of _April_____ , 2006.

                    _Laura M Owens_
                         NOTARY PUBLIC

LAURA M. OWENS
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires May 30, 2008

532666.6.

27.

MBNY114705