# EXHIBIT V

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
ARUBA HOTEL ENTERPRISES N.V.,          :
                                       :
                Plaintiff,             :   07-cv-7564 (PAC)(HBP)
                                       :
        v.                             :
                                       :
MICHAEL BELFONTI, BELFONTI             :
HOLDINGS, LLC and BELFONTI CAPITAL     :
PARTNERS, LLC,                         :
                                       :
                Defendants.            :
------------------------------------X

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of this Court's Local Rules, Plaintiff Aruba Hotel Enterprises N.V. ("Plaintiff"), by and through its counsel, hereby responds and objects to the Request for Production of Documents to Aruba Hotel Enterprises N.V. (the "Requests") propounded by Defendants Michael Belfonti, Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC's ("Defendants").

### GENERAL OBJECTIONS

1. Plaintiff objects to the Requests (including the definitions and instructions) insofar as they attempt to impose any obligations beyond those established by the Federal Rules of Civil Procedure, this Court's Local Rules and any other applicable law.

2. Plaintiff objects to the Requests to the extent that they seek or could be construed to seek the production of information and/or documents that are protected from disclosure by the attorney-client privilege or any other privilege recognized by statue, at common law, or the Federal Rules of Civil Procedure, or which constitute or reflect attorney work product. Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained

therein, and shall not waive Plaintiff's right to object to the use of any such document or the information contained therein during any subsequent proceeding.

3. Plaintiff objects to the Requests to the extent that they call for the disclosure of confidential or proprietary information. Documents containing such information will only be produced subject to the terms of the Stipulation and Order for the Production of Confidential Information that was dated March 28, 2008 and filed in *Aruba Hotel Enterprises N.V. v. Michael Belfonti, et al.*, No. 07 Civ. 01297 (JCH) (D.Conn), which governs the production of documents and information in this action by agreement of the parties.

4. Plaintiff objects to the Requests to the extent that they seek information and/or documents that are not in Plaintiff's possession, custody, or control.

5. Plaintiff objects to the Requests to the extent that they call for the production of information and/or documents that (a) are obtainable from another source that is more convenient, less burdensome, or less expensive, and/or (b) are already known to Defendants.

6. Plaintiff objects to the Requests (including the definitions and instructions) to the extent that they are not limited in time and/or scope.

7. Plaintiff objects to the Requests to the extent they seek information and/or documents which, if disclosed, might violate a duty of nondisclosure to a third party. Such information and/or documents will only be disclosed after appropriate advance notice is given to the applicable third party.

8. Plaintiff reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information provided. The production of any information and/or documents does not constitute an admission by Plaintiff that such information and/or documents are relevant to this action or admissible in evidence.

9.  To the extent any of the Requests are premised on disputed allegations, Plaintiff's answer and/or response to those Requests shall not be deemed an admission of any such disputed allegations.

10. To the extent information is subsequently discovered, Plaintiff reserves the right to revise or supplement its responses to the Requests and to assert additional objections.

11. Plaintiff objects to Definition 12 on the ground that Defendants wrongfully characterize the nature of the purported "Loans."

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections set forth above, all of which are incorporated by reference into each of the individual responses set forth below, Plaintiff responds to each individual Request as follows:

**Request No. 1:**

All documents and communications referring to or relating to the Loans, including but not limited to all documents and communications relating to AHE's actual and contemplated accounting for the Loans.

**Response to Request No. 1:**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Plaintiff further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents that were generated or created on or after August 21, 2007. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 2:**

All documents and communications concerning any work that PwC or any other outside accountants and creditors have done relating to the Loans.

**Response to Request No. 2:**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Plaintiff further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents that were generated or created on or after August 21, 2007. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 3**

All documents and communications referring to or relating to the Mortgage Loan Agreement, including but not limited to documents and communications relating to the meaning of the following terms and provisions:

    a.    Section 3.1.24(d) of the Mortgage Loan Agreement

    b.    The term "Indebtedness" as used in Section 3.1.24(d) of the Mortgage Loan Agreement

    c.    The term "unsecured trade payables" and "operation debt" as used in Section 3.1.24(d)(ii) of the Mortgage Loan Agreement

**Response to Request No. 3**

Plaintiff objects to this request on the ground that it is overbroad and, in consequence, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce documents in its possession, custody or control concerning the provisions of the Mortgage Loan Agreement cited in this request.

**Request No. 4**

All documents and communications referring to or relating to the AHE Articles of Incorporation, including but not limited to documents and communications relating to the meaning of Section 15 of AHE's Articles of Incorporation.

**Response to Request No. 4**

Plaintiff objects to this Request on the ground that it is overbroad and, in consequence, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control concerning the provision of the Articles of Incorporation cited in this request.

**Request No. 5**

All documents and communications referring to or relating to AHE's allegations that the Loans cannot be characterized as loans.

**Response to Request No. 5**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 6**

All documents and communications referring to or relating to AHE's allegations that the Loans cannot be enforced as loans.

**Response to Request No. 6**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 7**

All documents and communications referring to or relating to the allegation that the Loans are prohibited by Section 3.1.24(d) of the Mortgage Loan Agreement.

**Response to Request No. 7**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 8**

All documents and communications referring to or relating to AHE's allegation that any attempt to enforce the Loans could force AHE into default and/or foreclosure on the First Mortgage Loan.

**Response to Request No. 8**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 9**

All documents and communications referring to or relating to AHE's allegation that Michael Belfonti breached his duties to AHE.

**Response to Request No. 9**

Plaintiff objects to this request on the ground that it is overly broad and, in consequence, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control that relate to the transactions at issue in its complaint.

**Request No. 10**

All documents and communications referring to or relating to AHE's allegation that any loan from Defendants, BCP, and/or Belfonti Holdings to AHE would constitute a breach of Belfonti's duties to AHE.

**Response to Request No. 10**

Plaintiff objects to this request on the ground that it is overly broad and, in consequence, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control that relate to the transactions at issue in its complaint.

**Request No. 11**

All documents and communications referring to or relating to AHE's allegation that the Loans were made in violation of AHE's Articles of Incorporation.

**Response to Request No. 11**

Plaintiff objects to this Request on the ground that Defendants wrongfully characterize the nature of the purported "Loans." Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control.

**Request No. 12**

All documents and communications referring to, relating to, or reflecting any loans, whether actual or proposed, between or among any of the following: Michael Belfonti, BCP, Belfonti Holdings, MCR, CEB, BCP Florin, LLC, and/or AHE.

**Response to Request No. 12**

Plaintiff objects to this request on the ground that it is overly broad and, in consequence, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents in its possession, custody or control that relate to the transactions at issue in its complaint.

Dated: New York, New York
       June 13, 2008

By: /s/ Patrick Dempsey
Richard M. Goldstein
Michael T. Mervis
Eric H. Blinderman
Patrick J. Dempsey
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for Aruba Hotel Enterprises N.V.*

## Certificate of Service

This is to certify that on June 13, 2008, a copy of the foregoing was sent by electronic mail and Federal Express to counsel listed below.

                                                Eric H. Blinderman

Copies to:

Michael S. Kim
Jonathan D. Cogan
Francisco J. Navarro
Matthew I. Menchel
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022