EXHIBIT Y

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

# PROSKAUER ROSE LLP

**Michael T. Mervis**
Member of the Firm

Direct Dial 212.969.3565
mmervis@proskauer.com

August 18, 2008

**VIA ELECTRONIC MAIL**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

Re:   Aruba Hotel Enterprises, N.V. v. Michael Belfonti, et al., 07 Civ. 07564 (PAC)

Dear Judge Crotty:

We represent plaintiff, Aruba Hotel Enterprises, N.V. ("AHE"), in the above-referenced action.
We write in response to the August 7, 2008 pre-motion conference letter submitted by
Defendants' counsel. That letter asks the Court to compel the deposition in New York City of
AHE's book-keeper, Alcira Croes, and to compel AHE to produce documents concerning
communications with its outside auditor and lender created after this litigation commenced.

The principal thrust of Defendants' argument is that the deposition and documents they seek are
somehow relevant to "the parties" intent. Defendants correctly point out that, as a corporation,
AHE engaged in the transactions at issue in this case through an agent. But what Defendants
repeatedly ignore is that, as a matter of undisputed fact, that agent was defendant Michael
Belfonti, *not* any other AHE employee. To repeat, Belfonti testified clearly and unequivocally
that it was him and him alone who acted on behalf of *both* the alleged "lenders" *and* AHE with
respect to the transactions at issue. In consequence, the "intent" of any other AHE employee is
simply irrelevant.

That being the case, it matters not whether Ms. Ras -- who worked for Belfonti during the
relevant time period -- has "changed her story" regarding the transactions.[1] Since she was not
involved in the formation of any "intent" concerning the transactions, it matters not what she

---

[1] For the same reason, whether or not Petra "pressured" Ms. Ras to "change her story" -- an allegation that she
denies and which the documentary record flatly contradicts -- is also totally irrelevant. Equally irrelevant is Ms.
Ras' "credibility," which is simply not at issue in this case.

**PROSKAUER ROSE LLP**

The Honorable Paul A. Crotty
August 18, 2008
Page 2

may or may not have said to Ms. Croes. Likewise, since Ms. Croes, the book-keeper, was not involved in the formation of any "intent" concerning the transactions at issue, it matters not what she may have said to AHE's auditors.

For this same reason, documents created after the commencement of this litigation are also irrelevant. Because neither Ms. Ras nor Petra, AHE's current beneficial owner, had any contemporaneous intent whatsoever regarding the alleged "loans," documents created or received by them *after* the transactions took place -- and, in particular, after this litigation started -- can tell Defendants and the Court nothing about "the intent of the parties" or any other relevant issue. *See, e.g., Philips Credit Corp. v. Regent Health Group*, 953 F. Supp. 482, 512-13 (S.D.N.Y. 1997) (document first obtained during discovery after November 1991 "is unquestionably irrelevant to this Court's determination of the parties' intent in July 1989").[2]

Consistent with their previous reckless allegation of "witness tampering," Defendants' August 7 letter is also rife with advocacy that is less than candid. To point out just a few examples:

- Defendants contend that AHE should produce post-litigation communications with its auditor because AHE "recently made essentially the same request of Defendants" and "received Defendants' production to such request." What Defendants fail to disclose, however, is that, other than some fax transmittals of financials, Defendants have produced *no* communications with their auditor which post-date the commencement of this litigation. Thus, the productions by AHE and Defendants are precisely the same in this regard.

- Defendants complain that AHE deposed Belfonti's "wheelchair-confined elderly mother." What Defendants neglect to tell the Court is that: (a) they originally claimed, in the parallel Connecticut case, that Belfonti's mother's trust had made a "loan" to AHE; (b) AHE offered to forego her deposition if Defendants would stipulate that Belfonti's mother knew nothing about the alleged loans at issue in this case and the Connecticut case, but Defendants ignored this offer (*see* Ex. 1 hereto); (c) Belfonti's mother, in fact, did not know anything about any of the claimed loans and (d) not long after Belfonti forced his mother to sit through the needless deposition (thereby wasting AHE's time and resources), Defendants announced that her trust had actually *not* made any loan to AHE after all.

- Defendants contend that they need discovery of AHE's communications with its lender because such communications relate to "one of Petra's chief theories of damages in this case . . . ." What this ignores is that (a) no damages are sought in this case and (b) Petra

---

[2] Defendants' intent to harass is also obvious. Defendants do not propose any end date for their discovery request and, instead, seek to monitor AHE's and Petra's ongoing communications with AHE's auditor, lender and unnamed other parties, in real time.

PROSKAUER ROSE LLP

The Honorable Paul A. Crotty
August 18, 2008
Page 3

is not a party to this case.  Defendants also ignore that a showing of irreparable harm is not required in order for an anti-suit injunction to issue.  *See, e.g., Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.*, 427 F. Supp.2d 491, 497 (S.D.N.Y. 2006) (noting different elements required for traditional preliminary injunction as opposed to anti-suit injunction).[3]

- Defendants aver that "AHE assured this Court and Judge Hall that it would bring its Aruban employees to the US for depositions."  That is not true.  Rather, AHE agreed to bring Ms. Ras to the US for deposition (which it has done), and represented that "to the extent that AHE has any relevant documents or witnesses in Aruba, AHE will bring them here."  Since AHE's book-keeper, Ms. Croes, is *not* a relevant witness, AHE should not be required to submit her to a deposition in the US or in Aruba.

- In stating that this "dispute involves a series of funds that were sent from the Defendants to AHE," Defendants do not even have the basic facts of the case right.  It is undisputed that AHE itself did not receive a single dollar from Defendants.

In short, Defendants' advocacy is not reliable and their representations to this Court should be viewed with healthy skepticism in assessing the parties' respective positions regarding discovery.

Respectfully submitted,

Michael T. Mervis

cc:     Francisco J. Navarro

---

[3] In any case, in order to moot the issue AHE represents that it will not henceforth argue that it is currently exposed to a risk of foreclosure by its lender on account of the alleged "loans" at issue in this case.

# EXHIBIT 1

## Mervis, Michael

| | |
|---|---|
| **From:** | Blinderman, Eric H. |
| **Sent:** | Friday, May 16, 2008 3:08 PM |
| **To:** | 'Francisco J. Navarro' |
| **Cc:** | Mervis, Michael; Dempsey, Patrick J.; Jonathan D. Cogan; Michael S. Kim; Matthew I. Menchel |
| **Subject:** | RE: Aruba Hotel Enterprises v. Michael Belfonti et al. (07Civ.1297)(JCH) |

Fran,

We have no objection to moving the deposition start time to 11:00 a.m. I reiterate, however, that you have known about our straightforward proposal since we first raised it with you by phone more than one week ago. Accordingly, it is strictly your call as to whether you wish to make your client's mother sit through a deposition on Monday morning.

Until we hear from you further, we will proceed on the assumption that the deposition is going forward as scheduled.

Sincerely yours,
Eric

---

**From:** Francisco J. Navarro [mailto:Francisco.Navarro@kobrekim.com]
**Sent:** Friday, May 16, 2008 2:05 PM
**To:** Blinderman, Eric H.
**Cc:** Mervis, Michael; Dempsey, Patrick J.; Jonathan D. Cogan; Michael S. Kim; Matthew I. Menchel
**Subject:** RE: Aruba Hotel Enterprises v. Michael Belfonti et al. (07Civ.1297)(JCH)

Eric,

We are evaluating your proposal and will have an answer for you this evening. In the meantime, however, you should proceed on the assumption that the deposition will go forward on Monday. That being said, Mrs. Belfonti has requested that the deposition begin at 11am (instead of 10am) so that her commute from Connecticut into Manhattan is easier. Please confirm that you are amenable to this change. Alternatively, if you wish to postpone her deposition while we try to reach a compromise solution, we are amenable to that under a full reservation of rights for both parties.

Regards,
Fran

Francisco J. Navarro
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Tel: 212.488.1240
Fax: 212.488.1220
www.kobrekim.com

---

**From:** Blinderman, Eric H. [mailto:EBlinderman@proskauer.com]
**Sent:** Wednesday, May 14, 2008 12:59 PM
**To:** Francisco J. Navarro
**Cc:** Mervis, Michael; Dempsey, Patrick J.; Jonathan D. Cogan; Michael S. Kim
**Subject:** Aruba Hotel Enterprises v. Michael Belfonti et al. (07Civ.1297)(JCH)

8/18/2008

Aruba Hotel Enterprises v. Michael Belfonti et al. (U/LAV 259 )(et al)

Case 1:07-cv-07504-PAC    Document 44-26    Filed 09/05/2008    Page 7 of 7    Page 7 of 2

Fran,

To follow up on our telephone conversation of today, as we told you and Jon last Wednesday, we have no desire to take the deposition of Constance Belfonti given her medical condition, *provided that* she has no information with respect to the alleged "loans" at issue in the above-referenced case and the related case pending in the Southern District of New York.  Indeed, we sought her deposition solely as a consequence of her son's having injected her into this dispute by claiming that her trust ("CEB") loaned money to Aruba Hotel Enterprises ("AHE").

As we told you and Jon, we will forego the deposition if your client agrees to a simple stipulation that his ailing mother has no information whatsoever with respect to any purported loans from CEB, or any other Belfonti-controlled entity, to AHE.  Please let me know if your client will enter into such a stipulation.

If not, we consent to taking Mrs. Belfonti's deposition at your office on Monday, May 19 at 10:00 a.m.  We will also accommodate any reasonable requests you might have in light of her medical problems.

Sincerely yours,
Eric

**********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

**********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

==========================================================

This e-mail message is from Kobre & Kim LLP, a law firm, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)