UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARUBA HOTEL ENTERPRISES N.V., <br><br> Plaintiff <br><br> v. <br><br> MICHAEL BELFONTI, BELFONTI HOLDINGS, LLC, AND BELFONTI CAPITAL PARTNERS, LLC, <br><br> Defendants | 07 Civ. 7564 (PAC) |

I, Francisco J. Navarro, declare as follows:

1. I am associated with Kobre and Kim LLP, counsel for Defendants Michael Belfonti, Belfonti Holdings, LLC, and Belfonti Capital Partners, LLC in the above captioned matter. I respectfully submit this Affidavit in opposition to Plaintiff's request for summary judgment and in support of Defendants' request for partial summary judgment.

2. Annexed as Exhibit A is a true and correct copy of the Operating Agreement of BCP Aruba I, LLC, a parent entity of Plaintiff Aruba Hotel Enterprises, N.V ("AHE").

3. Annexed as Exhibit B are true and correct copies of pages from the transcript of the deposition of Michael Belfonti, taken on April 29, 2008.

4. Annexed as Exhibit C are true and correct copies of pages from the transcript of the deposition of Victoria Carpenter, taken on May 27, 2008.

5. Annexed as Exhibit D is a true and correct copy of AHE's Consolidated Financial Report, Account 2013: Long Term Liabilities.

6. Annexed as Exhibit E are true and correct copies of pages from the transcript of the deposition of Marieta Ras, taken on July 22, 2008.

7. Annexed as Exhibit F is a true and correct copy of Belfonti Holdings LLC's ("Belfonti Holdings") Amended and Restated Operating Agreement, dated May 3, 2006.

8. Annexed as Exhibit G is a true and correct copy of the Declaration of the Bravo Property Trust, dated April 17, 2006.

9. Annexed as Exhibit H is a true and correct copy of Belfonti Holdings' General Ledger for period from January 1, 2006 to December 31, 2006.

10. Annexed as Exhibit I is a true and correct copy of the Belfonti Capital Partners, LLC's ("BCP") general ledger for the period from January 1, 2006 to December 31, 2006.

11. Annexed as Exhibit J are true and correct copies of pages from the transcript of the deposition of Dana Friedman, taken on April 17, 2008.

12. Annexed as Exhibit K is a true and correct copy of the MCR Property Mangement, Inc.'s ("MCR") general ledger for the period from Oct 1, 2006 to June 30, 2007.

13. Annexed as Exhibit L is a true and correct copy of an email sent by Defendants' Controller, Victoria Carpenter, dated February 21, 2007.

14. Annexed as Exhibit M is a true and correct copy of an email sent by AHE's CEO and Managing Director, Marieta Ras, dated January 31, 2007.

15. Annexed as Exhibit N is a true and correct copy of an email sent by AHE's outside auditor, PricewaterhouseCoopers ("PwC") to AHE's Managing Director, Marieta Ras dated June 6, 2007.

16. Annexed as Exhibit O is a true and correct copy of Defendants' letter, dated August 21, 2007, demanding payment of the loans that are now at issue in this and the Connecticut action.

17. Annexed as Exhibit P is a true and correct copy of AHE's response to Defendants' letter, dated August 23, 2007, refusing payment of the loans at issue.

18. Annexed as Exhibit Q is a true and correct copy of Plaintiff's initial Complaint in the District of Connecticut, dated August 27, 2007.

19. Annexed as Exhibit R is a true and correct copy of Plaintiff's initial Complaint in this Court, dated August 24, 2007.

20. Annexed as Exhibit S is a true and correct copy of an email dated June 6, 2007 in which PwC, AHE's auditors, note that "Due to the departure of Belfonti from the project, management claims that the [loans at issue] are no longer payable."

21. Annexed as Exhibit T is a true and correct copy of an email dated August 21, 2007, in which Ms. Ras wrote to Petra Principals Kenneth Kornblau and Joseph Iacono: "the fact that the owner funded without outlining the terms for repayment from AHE, one could argue that it was payment on equity and not necessarily a loan payable to owner."

22. Annexed as Exhibit U is a true and correct copy of an email sent by Plaintiff's counsel in response to this Court's August 19, 2008 Order, dated August 21, 2008, disclosing the date of Petra's side agreement with Wachovia as June 23, 2008.

23. Annexed as Exhibit V is a true and correct copy of AHE's Objections and Responses to Defendants Request for Production of Documents. A copy of AHE's June 23, 2008 Agreement with Wachovia was not produced by AHE in its accompanying document production which followed on July 15, 2008.

24. AHE has argued in its opening brief that the loans at issue are not due because Mr. Belfonti imputed terms to them that they would not have to be paid back until the happening of a capital event, re-financing, or other infusion of money into AHE. To date, Defendants have rebuffed Defendants' discovery requests for financial documentation that would allow Defendants to test the veracity of AHE's claim that such an infusion of monies has not occurred. Annexed as Exhibit W is a true and correct copy of Petra Capital Management, LLC and Petra Fund REIT Corp.'s Objections and Responses to Subpoenas Duces Tecum served by Defendants, dated July 25, 2008. No documents were produced by either Petra entity.

25. Annexed as Exhibit X is a true and correct copy of AHE's Second Amended Complaint in the District of Connecticut action, dated August 8, 2008.

26. Annexed as Exhibit Y is a true and correct copy of Plaintiff's August 18, 2008 letter to this Court.

27. Annexed as Exhibit Z is a true and correct copy of AHE's Memorandum of Law In Support of Plaintiff's Motion for Summary Judgment in the District of Connecticut Action, dated August 19, 2008.

28. Annexed as Exhibit AA is a true and correct copy of Judge Janet C. Hall's Ruling Regarding Defendants' Motions To Dismiss For Lack of Subject Matter Jurisdiction Or, Alternatively, On Grounds Of Forum Non Conveniens And Defendant's Motion For A Protective Order, dated January 17, 2008, in the District of Connecticut action.

29. AHE has argued in its opening brief that the loans are not due because Mr. Belfonti imputed terms to them that they would not have to be paid back until the happening of a capital event, re-financing, or other infusion of money into AHE. AHE has rebuffed Defendants' requests for financial documentation that would allow Defendants to test the veracity of AHE's

claim that such an infusion of monies has not occurred.  Annexed as Exhibit BB is a true and correct copy of AHE's Responses and Objections to Defendants' Request for Production of Documents dated August 29, 2008.

30.    Set forth below is a synopsis of the Defendants allegations to date and the discovery produced, as I believe this will assist the Court in understanding why Defendants need additional discovery.

31.    It is undisputed in this case that the transactions at issue were initially booked by AHE personnel as long-term liabilities due to the Defendants.  Despite this fact, AHE has recently reversed course and now claims that the transactions were always intended to be capital contributions.

32.    Marieta Ras' explanation for her and AHE's flip-flop (which only took place *after* Petra took over ownership of AHE) is that she instructed that the transactions be entered in the liabilities column as a "placeholder" entry.  (*See generally* Ras Tr.).  That is, Ms. Ras now claims that she always intended these transactions to be considered as capital contributions instead of loans and had only booked them as liabilities temporarily.

33.    There is evidence in the record that undermines this contention, and reveals instead that Ms. Ras tried to revise history after the change in ownership of the hotel.  Specifically, an e-mail AHE produced in discovery in which PricewaterhouseCoopers ("PwC"), AHE's auditors, noted that, "***Due to the departure of Belfonti from the project***, management claims that the [loans at issue] are no longer payable." (Navarro Aff., Ex. S) (emphasis added).  Similarly, in an e-mail dated August 21, 2007 (approximately five months after the last loan at issue was made), Ms. Ras wrote to Petra Principals, Kenneth Kornblau and Joseph Iacono, that "the fact that the owner funded without outlining the terms for repayment from AHE, ***one could***

*argue* that it was payment on equity and not necessarily a loan payable to owner." (Navarro Aff., Ex. T).

34. Defendants expect to further develop evidence regarding AHE's "flip-flop" through the depositions of AHE's Accountant/Controller, Alcira Croes and the two Petra Principals chiefly responsible for the Aruban project, Kenneth Kornblau and Joseph Iacono.

35. Ms. Ras testified that Ms. Croes "was responsible [for] keeping the records and filed all of the financial information," that she communicated with Ms. Croes regarding the transactions at issue at the time they were made, and that Ms. Croes communicated with PwC who is currently conducting an audit of AHE. (Ras Tr. at 167-68). Ms. Croes should be able to testify as to what instructions she received regarding the transactions as well as what Ms. Ras (and possibly others) thought the transactions were (*i.e.* loans or capital contributions) at the time they were made.

36. The Petra Principals' should be able to testify about what instructions, if any, they gave to Ms. Ras, other AHE personnel, and/or PwC regarding what position they should take with respect to the transactions at issue. They should also be able to testify about their involvement, if any, in the negotiation, execution, and cover-up of the Wachovia agreement described above.

37. There is also evidence that PwC has been attempting to complete an audit of AHE for the years 2006 and 2007 for months without any success. (Ras Tr. at 115-116). Because the audits have been pending for longer than is usual, Defendants should be permitted to question the Petra Principals regarding their communications with Ms. Ras and others to see what, if anything, they did to delay the audit from being completed.

38.     At the August 19, 2008 discovery conference, the Court ordered that these witnesses be made available for depositions. However, the parties have been unable to arrange mutually convenient dates for the depositions as of the date of this filing.

39.     Until AHE revealed its secret side agreement with Wachovia on August 19, 2008, Defendants had expended significant resources on, among other things, discovery and legal research to counter AHE's claim that the threat of default and/or foreclosure by Wachovia constituted irreparable harm which entitled AHE to an injunction.

Executed this 5th day of September 2008 in New York, New York. I declare under the penalty of perjury that the foregoing is true and correct.

*[signature]*
Francisco J. Navarro

Sworn and subscribed to before me
this 5th day of September, 2008.

*[signature]*
Notary Public
New York, New York

```
ZAHARAH MARKOE
Notary Public - State of New York
No. 02MA6146244
Qualified in New York County
My Commission Expires 05/15/2010
```